## AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al. v. MURDEN.

1. A petition alleged, in brief, as follows: The agents of two telephone companies, while engaged in repairing their lines of wire, placed a large chest in a certain warehouse. The chest was so constructed as to constitute a dangerous trap when it was left with the lid raised. The warehouse was located on the side of a public street in a town, near a railway station, the post-office, a schoolhouse, and the residence of the plaintiff's father and other residences. The house was not the property of or located on the premises of the defendants, but belonged to the plaintiff's father, and the plaintiff was not a trespasser in entering it. On a date named the defendants' agents went away from the building, leaving the lid of the chest raised and the door of the house open. The plaintiff,

who was a child between two and three years of age, seeing the door open and the lid up, was attracted thereby, and, in seeking to investigate according to the natural instincts of a child, pushed the chain, and the lid fell upon him, injuring him. He was incapable of exercising care for his own safety, and the injury resulted from the negligence of the employees of the defendants in leaving the lid of the chest open and in a dangerous condition. *Held*, that the petition was not subject to general demurrer.

2. If it be presumed, in the absence of any allegation that the employees of the defendants wrongfully placed the chest in the warehouse, that it was there lawfully by contract or license, nevertheless it was alleged and admitted by the demurrer that the house belonged to the father of the plaintiff, and that the plaintiff was not a trespasser in entering it. If both parties were lawfully upon the premises, the rule in reference to the liability or non-liability of an owner or occupant of property to a trespasser thereon would not control the case.

JANUARY 13, 1914.

Action for damages. Before Judge Walker. Taliaferro superior court. January 24, 1913.

William H. Murden Jr., by his next friend, brought suit against the American Telephone and Telegraph Company and the Southern Bell Telephone and Telegraph Company, alleging in substance as follows: On March 9, 1910, certain agents and employees of the defendants were engaged in changing the location of and repairing their lines of wire in the town of Robinson. The defendants furnished to their agents and the latter used, for the purpose of keeping their tools, a large chest about ten feet long, two feet deep, and two feet wide. The lid was made of heavy pine plank, attached to the chest at one edge by hinges, and bound around the other edges with an iron strip, which projected below the lower surface of the lid so as to cover the joint of the lid with the chest. It had a small chain attached to it, so as to prevent it from going much beyond a perpendicular position when opened. This chain extended from the lid of the chest across the angle made when the chest was opened and the lid left standing. When thus left standing nearly in a perpendicular position the lid could by a very slight pressure upon the chain be drawn over so as to fall. The weight of the lid was such as to make it probable that in falling the projecting iron strip would cut off any object that might be caught under it; and when thus left open the box and lid acted as a dangerous trap. On the date mentioned the agents and employees of the defendants placed the chest in a cottonseed warehouse, which stood on the side of a public street in the town of

Robinson, and was elevated only one step above the level of the street, and was about twenty feet from the passenger station of the railroad, fifty feet from the post-office and store of W. H. Murden, and about seventy-five feet from his home, near the homes of others and not far from the schoolhouse. The warehouse was not the property of or on the premises of the defendants, but belonged to the plaintiff's father, and the plaintiff was not a trespasser in entering it. The place was a public one, and much frequented by children, the children of the plaintiff's father, W. H. Murden, and others being frequently at the store, in the street near the seed warehouse, and liable to enter the same should the door be left open. On the date mentioned the employees of the defendants left the lid of the chest raised, and went away, leaving the door of the house open as an invitation to children to enter, they all knowing that the place was frequented by children and that the lid thus left was a dangerous trap likely to attract the notice and invite the investigation of children. The plaintiff, who was a child between two and three years old, seeing the door open and the lid up, was attracted thereby, and in seeking to investigate it, according to the natural instincts of a child, pushed upon the chain and threw the lid down. His right thumb was caught and mangled so that it had to be cut off at the joint. He was incapable of exercising care for his own safety, and the occurrence was due entirely to the negligence of the employees of the defendants in leaving the chest lid open and exposed as stated. In consequence of the injury he was put to an expense of $15 for doctor's bills, suffered great pain, was permanently disfigured, and had his capacity to labor permanently impaired.

The defendants demurred to the petition. The demurrer was overruled, and the defendants excepted. They also traversed the entry of service, and assigned error upon the overruling of such traverse. But in the briefs filed in the Supreme Court counsel for the plaintiffs in error expressly abandoned that point and stated that the only ground on which a reversal was sought was that the court erred in overruling a general demurrer to the petition.

*Alvin G. Golucke* and *Holden & Shackelford*, for plaintiffs in error. *Samuel H. Sibley*, contra.

LUMPKIN, J. (After stating the foregoing facts.)

The only assignment of error urged in this court was based on

the overruling of a general demurrer to the plaintiff's petition. The argument on behalf of the plaintiffs in error was based on the ground that the plaintiff was a trespasser, and that the owner of property did not owe to a trespasser the duty of keeping it in safe condition. The decisions in *Savannah, Florida & Western Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314), and similar cases were cited; and the cases known as the turntable cases were discussed and criticised.

It was also urged, that, there being no allegation that the defendants' agents wrongfully placed their chest in the warehouse of the plaintiff's father, it would be presumed that they did so rightfully; and that if the plaintiff was not a trespasser when he entered the house, he became so when he reached that part of the house where the chest was located and began to handle it.

If it is to be presumed that the defendants' agents did not wrongfully place the chest upon the property of the plaintiff's father, but did so rightfully by permission or license, nevertheless it was distinctly alleged that the house belonged to the plaintiff's father, and that the plaintiff was not a trespasser in entering it. It is carrying the doctrine of trespassers too far, as against such an allegation, to admit by demurrer that the child was rightfully in the house and was not a trespasser there, but contend that he was a trespasser when he reached that part of the house where the chest was located. We can not assume this on demurrer. In the present state of the case, the argument and authorities cited are not controlling, whether or not they may be so on the final trial. What the facts were, as may hereafter appear from the evidence, we can not foresee. Under the petition and the general demurrer, we must consider the case as one in which neither party was a trespasser, but both were lawfully at the place where the injury occurred. It must therefore turn upon whether, in view of the situation and the known surroundings as alleged, the agents of the defendants were negligent in leaving the chest in such a way as to create a dangerous situation for the plaintiff, and whether the plaintiff was negligent, in view of his age, in "investigating" the chest or laying his hand upon it. These questions can not be solved, as matters of law, in favor of the defendants, on general demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*