## SOUTHERN COTTON OIL COMPANY *v.* PIERCE.

The defendant operated a cottonseed oil mill, and in connection therewith kept a large seed-house located in a public place. The cottonseed were conveyed from the seed-house to the adjoining building by means of a "conveyer," which was a revolving instrumentality having upon it metallic flanges. This machine was partially concealed from view, almost noiseless in operation, and not so guarded as to·keep a person from coming in contact with it. The seed-house had several large doors, which were frequently allowed to remain open when not being used, and was such a place as would attract children, who entered the house to play on the cottonseed. A child of the age of eight years entered the house, and while playing on the cottonseed was injured by the seed-conveyer. *Held*, that the defendant is not liable on the theory of the "turntable cases," in that it negligently maintained a dangerous attraction to children of tender years.

APRIL 15, 1916.

Action for damages.   Before Judge Park.   Franklin superior court.   May 14, 1915.

Darby Pierce, by his next friend, brought suit against the Southern Cotton Oil Company, to recover damages for a personal injury. The defendant excepted to the overruling of its general demurrer. So much of the petition as undertakes to state the defendant's liability is as follows: "3rd. That the said defendant company on the 24th day of September, 1914, was running and operating a cottonseed oil mill at Lavonia, said State and county, and in connection therewith kept and maintained a large seed-

house, which was located in a public place, and in which quantities of cottonseed were kept and stored. And extending along the length of said building was a steel or other metallic 'seed-conveyer,' for the purpose of conveying the seed from the seed-house into another adjoining building; said seed-conveyer being run and operated by machinery, and made to revolve, otherwise being stationary in its character, and having upon it large metallic flanges with sharp edges; said seed-conveyer being almost noiseless while running, partially concealed from view, but not guarded and protected so as to prevent a person from coming in contact therewith, which is exceedingly dangerous while in operation. 4th. That said seed-house is in a public place, and having several large doors, opening from the outside, which were negligently allowed to remain open frequently when not being used, and being such a place as is calculated to attract children, who would go there for the purpose of playing upon said cottonseed; defendant negligently allowing and permitting children to enter said seed-house, without warning them in any manner of the danger of coming in contact with said seed-conveyer. 5th. That on the said 24th day of September, 1914, petitioner, being a child of only eight years of age, together with Harold Sewell, and Henry Bishop, children of approximately the same age, went to said seed-house for the purpose of playing upon said cottonseed, said Harold Sewell having previously been permitted by defendant to play in said seed-house, without warning of danger by said defendant. Upon arrival at said building the outside doors thereto were standing open, and without being warned of any danger within, and knowing nothing whatever of the existence of said dangerous seed-conveyer therein, petitioner entered said building, for the purpose aforesaid. Sloan Smith, an employee of said defendant, was at work in said building and saw petitioner, after having entered said building, but negligently failed and refused to warn petitioner, or in any way to put him upon notice of the presence of or danger from said seed-conveyer, which was then in operation and revolving noiselessly and without being sufficiently protected from approach by petitioner. Not being warned by defendant or its employees of danger, petitioner was negligently permitted by defendant and its employees aforesaid to come in contact with said revolving seed-conveyer, and was then and there caught on the sharp, metallic

flanges of the same, and the body of petitioner was fearfully cut, lacerated, bruised, and crushed. . . 6th. Petitioner shows that he was entirely free from fault at the time said accident occurred, and that the said accident resulted from the failure of the defendant and its agents and employees to exercise ordinary and reasonable care to prevent said accident, in that the defendant negligently permitted the outside doors of said seed-house to remain open when not being used, same being in a public place, and frequented by children, defendant well knowing said seed-house to be a place such as would attract children. That the defendant was grossly negligent in allowing and permitting petitioner to enter said building, without being warned and apprised by defendant of the danger in so doing, petitioner being a child of tender years and without the capacity to comprehend the danger to which he was exposing himself."

*T. J. Brown* and *King & Spalding,* for plaintiff in error.

*H. H. Chandler* and *J. H. & Parke Skelton,* contra.

EVANS, P. J. (After stating the foregoing facts.) It is alleged that the defendant negligently permitted the outside doors of the seed-house, located in a public place, to remain open, with a knowledge that the seed-house was such as to attract children to come in for the purpose of playing upon the cottonseed. This allegation very probably was intended to bring the case without the general rule that a land occupier is under no duty to keep his premises safe for trespassers, and within the exception contained in the doctrine of the so-called "turntable cases." According to that doctrine it is negligence for a railroad company to leave a dangerous machine, such as a turntable, unfastened on a lot in a city, which is not securely inclosed and which children are accustomed to visit and pass through. *Ferguson* v. *Columbus &c. Ry.,* 75 *Ga.* 637. The theory upon which the doctrine goes is that a railroad company, when it sets before young children a temptation which it has reason to believe will lead them into danger, must use ordinary care to protect them from harm. The notion is that young children are not trespassers; but the circumstances being such that the railroad company must know that the attractiveness of the instrumentality will allure young children to it, the company will be considered as impliedly inviting them to come upon it. This doctrine has been repudiated in many juris-

dictions, and this court has refused to extend it beyond the case of a turntable. *S., F. & W. Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314). In this case the authorities were elaborately reviewed, and the court held that one who makes an excavation on his land is not bound to so guard it as to prevent injury to children who come upon it without his invitation, but who are induced to do so merely by the alluring attractiveness of the excavation and its surroundings. We do not think that the doctrine should be applied to the keeping of useful machinery in an enclosed building, even though the doors be frequently left open. The plaintiff's case rests upon the doctrine of attractive and alluring danger, to raise the inference that he was an invitee. The allegation, in participial form, of the defendant's negligently allowing and permitting children to enter the seed-house without warning them of the danger of coming in contact with the partially concealed seed-conveyer, considered in relation to the whole petition, is not a charge that the defendant extended an invitation to children generally to come upon the premises. Likewise the specification of negligence in the sixth paragraph is to be construed in connection with the whole petition, only as alleging an invitation to young children to be implied from the attractive nature of the place. There is no allegation that the employee, Sloan Smith, from the character of his employment, was the representative of the defendant company and bound by the terms and scope of such employment to warn the plaintiff. We therefore conclude that the allegations of the petition are insufficient to raise a duty against the defendant on the basis that the attractiveness of the seed-house was so alluring as to amount to an implied invitation to children to enter it.

*Judgment reversed. All the Justices concur.*