### 10848.  CORBETT v. ATLANTIC COAST LINE RAILROAD COMPANY.

Under the petition in this case, the child alleged to have been injured cannot be treated as a trespasser, and the case must turn upon whether the defendant was negligent as alleged in the petition. Questions of negligence are peculiarly for determination by the jury, and the judge erred in dismissing the petition on general demurrer.

DECIDED MARCH 2, 1920.

(Certiorari was granted by the Supreme Court.)

Action for damages; from city court of Waycross—Judge Crawley. July 23, 1919.

W. T. Corbett, as next friend, sued for injuries to Homer Corbett, a child six years old, caused by his hand being caught in the gearing and machinery of a railroad velocipede. The petition alleged in part: "The injuries complained of are as follows: the crushing, laceration and breaking of the right hand of said Homer Corbett, and the breaking of the bones therein, rendering it necessary for the physician treating him to take eight stitches upon the same, on account of its severe laceration; and although said hand has since healed, yet, by reason of the breaking of the bones as alleged, the use of the right thumb has been permanently lost. Plaintiff shows that the negligence of the defendant, its agents

and employees, causing said injury, was as follows: L. J. James, who was at the time of said injury an agent, servant, and employee of the defendant company, as electric lineman, using a velocipede for traveling over defendant's line of road, did, on the date alleged, come to Manor, Ga., a small town upon defendant's line of road in said county, and after removing said velocipede car from the track of the company, he placed the same in an open and exposed place, near the depot in said town, where the public were accustomed to travel and be, and where the small children of the town were at liberty to go, and where they frequently went. 'laintiff shows further that while the said agent and employee of the defendant company pretended to fasten said velocipede car, knowing its danger if left exposed to children, the same was not fastened, but so fixed and left that it could be easily moved forward and backward for a distance of two feet or more, and, the same being dangerous and attractive to children, it became more dangerous by reason of the fact that it could be thus moved; and this failure on the part of the defendant's servant and employee to securely fasten said car was a further act of negligence. Among other children who were attracted to said velocipede car, the said Homer Corbett was so attracted, and being a child of tender years he was without discretion or sufficient judgment to realize the danger of contact with or the handling of said velocipede car; and after being attracted to said place of danger, and while playing with said car in its dangerous position and condition so left by the defendant company by and through its agent as aforesaid, he had his right hand caught in the gearing and machinery of said car, and thereby sustained the injuries complained of by having his hand badly mashed and the bones in it broken." In an amendment to the petition it was alleged that "said machine so construed as above described was on the principle of and very much like the construction of an ordinary bicycle or the usual tricycle or velocipede used by children almost universally as playthings, and it was painted in bright red colors, and was not too large or cumbersome to appear to a child to be a plaything, and for these reasons it was attractive to children, and was an instrument and piece of machinery that would naturally and necessarily attract children of immature years and experience."

The specific acts of negligence set out in the amendment were:

" (*a*) in leaving a dangerous and attractive machine and velocipede car, unfastened, unenclosed, and unguarded, in a public place near the heart of a little town, where people and children are wont to visit it and pass by it and play around it and near it; (*b*) in leaving said velocipede car at or near the depot and upon the ground where it was easily accessible to children or others who might be near such public place; (*c*) in failing to fasten securely, and so that the same could not be moved backward or forward, the wheels and gearing and machinery on and connected with said velocipede car, so as to keep the same from being dangerous to the safety of children who might be near by." The court sustained the demurrer to the petition and dismissed it, and the plaintiff excepted.

*Parker & Parker,* for plaintiff.

*Bennet, Twitty & Reese, Wilson & Bennett,* for defendant.

BLOODWORTH, J.. (After stating the foregoing facts.) This case is controlled by the decision in the case of *American Telephone and Telegraph Co.* v. *Murden,* 141 Ga. 208 (80 S. E. 788). In that case a large chest, with a heavy lid which "had a small chain attached to it so as to prevent it from going much beyond a perpendicular position when opened," was placed by defendants in a cottonseed house belonging to the father of a minor. "The place was a public one and much frequented by children." The petition alleged that the lid when left up "could, by a very slight pressure upon the chain, be drawn over so as to fall;" that "on the date mentioned the employees of the defendants left the lid of the chest raised, and went away, leaving the door of the house open as an invitation to children to enter, they all knowing that the place was frequented by children and that the lid thus left was a dangerous trap likely to attract the notice and invite the investigation of children. The plaintiff, who was a child between two and three years old, seeing the door open and the lid up, was attracted thereby, and, in seeking to investigate it, according to the natural instincts of a child, pushed upon the chain and threw the lid down. His right thumb was caught and mangled so that it had to be cut off at the joint. He was incapable of exercising care for his own safety, and the occurrence was due entirely to the negligence of the employees of the defendants in leaving the chest lid open and exposed as stated." A demurrer

to the petition was overruled, and the defendant excepted. The Supreme Court said: "Under the petition and the general demurrer, we must consider the case as one in which neither party was a trespasser, but both were lawfully at the place where the injury occurred. It must therefore turn upon whether, in view of the situation and the known surroundings as alleged, the agents of the defendants were negligent in leaving the chest in such a way as to create a dangerous situation for the plaintiff, and whether the plaintiff was negligent, in view of his age, in 'investigating' the chest or laying his hand upon it. These questions cannot be solved as matters of law, in favor of the defendants, on general demurrer." Under the petition in the instant case, we can not treat the minor as a trespasser, and the case must turn upon whether or not the defendant was negligent as alleged in the petition. As questions of negligence are peculiarly for determination by the jury, the judge erred in dismissing the petition on general demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*