## ATLANTIC COAST LINE RAILROAD CO. *v.* CORBETT.

The facts stated in the petition, taken as true (as they must be when tested by general demurrer), fail to show negligence by the defendant; and the petition was properly dismissed. The judgment of the Court of Appeals, reversing that of the trial court, was erroneous.

No. 1984. December 16, 1920.

Certiorari; from Court of Appeals. 24 *Ga. App.* 790.

*Bennet, Twitly & Reese* and *Wilson & Bennelt,* for plaintiff in certiorari.

*Parker & Parker* and *Parks, Reed & Garrett,* contra.

Gilbert, J. W. T. Corbett as next friend of his minor son, Homer Corbett, a child six years of age, brought suit for personal injuries against the Atlantic Coast Line Railroad Company. The plaintiff alleged that the defendant was negligent

in leaving and placing what is known as a "velocipede car" in an open and exposed place near the depot in the town of Manor, where the public were accustomed to travel and be, and where the small children of the town were at liberty to go and where they frequently went. He charged negligence upon the part of the defendant in leaving such dangerous and attractive machine unfastened, unenclosed, and unguarded in a public place near the heart of the town, where it was easily accessible to children, and in failing to fasten it securely so that it could not be moved backward and forward; that, while it was fastened with a lock and chain, the slack in the chain permitted its forward and backward movement, with slight effort, for a distance of "from two to two and one half feet," rendering the gearing and machinery dangerous to children who might be near by; that the car was most attractive to children, because of its similarity in principle to a bicycle or velocipede, a universal plaything of children; that it was painted in bright, attractive colors; that in trying to play with the velocipede car the boy caught his hands in the cogs and gearing, and his right hand was badly crushed and mashed and bones broken, resulting in permanent injury and loss of the thumb. The defendant company filed a general and special demurrer. The general demurrer was sustained, and upon writ of error to the Court of Appeals this judgment was reversed. The case is in this court on certiorari from the Court of Appeals.

The facts stated in the petition, taken as true (as they must be when tested by general demurrer), fail to show negligence by the defendant; and the petition was properly dismissed by the trial court. This case is distinguishable from *Mills* v. *Central of Georgia Ry. Co.,* 140 *Ga.* 181 (78 S. E. 816, Ann. Cas. 1914C, 1098), and *Wallace* v. *Matthewson,* 143 *Ga.* 236 (84 S. E. 450), where it appeared that explosives were negligently left on the premises of the alleged tort-feasors, without protection, and not intended for immediate use. The facts differ from those stated in *American Telephone &c. Co.* v. *Murden,* 141 *Ga.* 208 (80 S. E. 788), and in *Ferguson* v. *Columbus & Rome Ry.,* 75 *Ga.* 637. The rule adopted in these cases will not be extended. In *S., F. & W. Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314), the rule applied in attractive and dangerous machine cases, in-

cluding the *Ferguson* case, supra, was elaborately reviewed and discussed. See also *Underwood* v. *W. & A. R. Co.*, 105 *Ga.* 48 (31 S. E. 123); *N., C. & St. L. Ry. Co.* v. *Priest,* 117 *Ga.* 767 (45 S. E. 35); *Southern Cotton Oil Co.* v. *Pierce,* 145 *Ga.* 130 (88 S. E. 672). In our opinion the judgment of the Court of Appeals, reversing that of the trial court, was erroneous.

*Judgment reversed. All the Justices concur.*