*C. H. & R. S. Cohen*, contra.

---

14870. MANOS *v.* MYERS-MILLER FURNITURE . COMPANY *et al.*

A cause of action, upon the theory that the defendant company was negligent in maintaining a "dangerous tier of shelves as an attractive instrumentality to children of tender years and as an invitation to them to investigate it," is not shown by the plaintiff's petition, from which it appears that his son, a child of tender years, for whose death he sought to recover damages, went into an alley back of the defendant company's store, where the tier of shelves stood, and, by climbing

up on them, caused them to become unbalanced and fall upon his head and kill him.

The court did not err in sustaining the demurrers to plaintiff's petition.

DECIDED SEPTEMBER 19, 1924.

Action for damages; from Fulton superior court—Judge Humphries. June 9, 1923.

The petition of the plaintiff, father of a boy eight years and eleven months old, against the Myers-Miller Furniture Company and another, for damages on account of the death of his son, alleges: "In the rear of the stores occupied by the said defendants there is an alley some 10 or 12 feet wide, which is used by the defendants and the public generally for egress and ingress. The children of the petitioner used the said alley as a short cut in going to and from school and church, etc., and at times played in said alley, all of which the defendants knew or ought to have known in the exercise of ordinary care and diligence. . . The deceased and his younger brother were going through said alley, when they were attracted by a tier of wooden shelves some six and a half feet high by eight feet in length, each of said shelves being about six or eight inches apart from top to bottom of the tier. Said tier of shelves was so constructed and placed that the base upon which it was resting was narrower by several inches than the top, thus rendering it top-heavy. Said tier of shelves had been placed in the rear of the stores of" the defendant company, "where said company had, knowing it was there, negligently permitted it to remain only two or three feet from the line of the alley, upon their premises, which were unenclosed. Said tier of shelving was an attractive instrumentality filled with latent danger to a child of tender years, and yet inviting him to climb up and see what might be upon the shelves. This deceased . . attempted to do, and when he had gone up several shelves the tier became overbalanced, fell over into the alley upon him, where its great weight crushed his head and killed the boy almost instantly;" that the defendant company "did not remove the said tier of shelves, but, knowing it to be there, allowed it to remain upon their premises as a dangerous and attractive instrumentality to children of tender years as aforesaid;" and that the defendant company and the other defendant "knowingly and negligently and at one and the same time were thus maintaining the dangerous tier of shelves as an

attractive instrumentality to children of tender years and as an invitation to them to investigate it; and as a direct result of their negligence as stated, the deceased . . met his death as indicated." The court dismissed the petition as to the furniture company, upon its general and special demurrers.

*Wightman Bowden, Dorsey, Shelton & Dorsey,* for plaintiff.

*Slaton & Hopkins, Candler, Thomson & Hirsch,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) There can be no actionable negligence without the breach of a legal duty. An occupier of land is under no duty to have his premises in safe condition for an adult trespasser to enter thereon. *Savannah, Fla. & Western Ry. Co.* v. *Beavers,* 113 *Ga.* 398, 400 (39 S. E. 82, 54 L. R. A. 314). But all persons are presumed to anticipate the natural and reasonable consequences of their own conduct; and the theory of the so-called "turntable cases" is "that a railroad company, when it sets before young children a temptation which it has reason to believe will lead them into danger, must use ordinary care to protect them from harm. The notion is that young children are not trespassers; but the circumstances being such that the railroad company must know that the attractiveness of the instrumentality will allure young children to it, the company will be considered as impliedly inviting them to come upon it. The doctrine has been repudiated in many jurisdictions, and this court has refused to extend it beyond the case of a turntable." *Southern Oil Co.* v. *Pierce,* 145 *Ga.* 130, 132 (88 S. E. 672). In *Savannah, Fla. & Western Ry. Co.* v. *Beavers,* supra, cited in the *Southern Cotton Oil Co.* case, the doctrine of the "turntable cases" is exhaustively discussed, and the Supreme Court adopts the policy of limiting the doctrine, not strictly to turntable cases alone, but of refusing to extend it to cases which upon their facts do not come "strictly and fully" within the principle upon which those cases rest. See also *Atlantic Coast Line R. Co.* v. *Corbett,* 150 *Ga.* 747, 748 (105 S. E. 358); *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731); *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717 (97 S. E. 112).

Counsel for the plaintiff cite the cases of *Mills* v. *Cen. of Ga. Ry. Co.,* 140 *Ga.* 181, 182, 186 (78 S. E. 816, Ann. Cas. 1914C, 1098), *American Telephone Co.* v. *Murden,* 141 *Ga.* 208 (2), 211 (80 S. E. 788), *Mayor & Council of Unadilla* v. *Felder,* 145 *Ga.* 440, 441, 443 (89 S. E. 423), and *Terrell* v. *Giddings,* 28 *Ga. App.*

697, 698 (112 S. E. 914). In none of the latter three was the child a trespasser. In the *Mills* case the casualty arose from a highly dangerous explosive torpedo, the placing of which on the railroad track was alleged to have been "wanton" and not in legitimate use for signaling purposes. Some instrumentalities, such as explosives and poisons, are inherently dangerous of and in themselves, and to expose children or even adults to their hidden but deadly effect in a way which might reasonably be anticipated to imperil others is actionable negligence, if not more; but unless we felt authorized to extend, rather than restrict, the doctrine of the "turntable" cases, it cannot reasonably be said that the present defendant should have anticipated that a child would have been allured to do the particular thing which brought about the distressing casualty in the instant case. The shelves were not inherently dangerous, nor could they be called alluring; and unless the defendant should have reasonably anticipated that trespassers would be attracted by them so as to enter upon its premises, and afterwards to climb upon the shelves in such way as would cause them to pitch forward, it could not be held liable. The homicide appears to have been a pure and unforeseen accident.

*Judgment affirmed. Stephens and Bell, JJ., concur.*