19422. HALEY MOTOR COMPANY *v.* BOYNTON.

Decided December 14, 1929.

*Howell Cobb, Pottle & Hofmayer,* for plaintiff in error.
*S. B. Lippitt,* contra.

Jenkins, P. J. 1. There can be no actionable negligence without the breach of a legal duty. *Savannah, Florida & Western Ry. Co.* v. *Beavers,* 113 *Ga.* 398, 400 (39 S. E. 82, 54 L. R. A. 314). But all persons are presumed to anticipate the natural and reasonable consequences of their own conduct, and the theory of the so-called "turn-table cases" is that one who sets before young children a temptation which he should have reason to believe will lead them into danger must use ordinary care to protect them from harm, the idea being that the placing of attractive instrumentalities such as will allure young children will amount to an implied invitation to them to enter thereon. The doctrine of the "turn-table cases" has been repudiated in many jurisdictions. The Supreme Court of this State, while not repudiating the doctrine, has refused to extend it. In *Southern Cotton Oil Co.* v. *Pierce,* 145 *Ga.* 130, 132 (88 S. E. 72), the doctrine is discussed, and the Supreme Court adopts the policy of limiting the doctrine not strictly to "turn-table cases" alone, but in refusing to extend it to cases which upon their facts do not come strictly and fully within the principle upon which those cases rest. *Manos* v. *Myers-Miller Furniture Co.,* 32 *Ga. App.* 644, 646 (124 S. E. 357), and cit.

2. Where a ten-year-old child of an employee of a garage had been accustomed during a period of some ninety days to occasionally visit his father on the third floor of the establishment, making in all some ten visits, and, in order to reach the third floor, had been accustomed to ride the company's freight elevator when operated by its employees, and thus may have occupied the status of a licensee, rather than that of a trespasser in the building, the company can not be held liable in damages on account of injuries to the child sustained by reason of his attempting to operate the elevator himself, on the theory that the company was negligent in permitting such a peculiarly attractive instrumentality to remain unguarded and open for entrance, with the current cut on, and with the floor in a greasy condition, and without any special warning to the child of the dangers incident thereto. This is true for the reason that from the allegations of the petition the injury was not occasioned by the mere entry of the child into the elevator, of which it does not appear that the defendant had any sort of actual knowledge, but from the plaintiff's averments it is made to appear that the injury was occasioned by such unauthorized operation of the car, which there is nothing in the petition to indicate had in any wise been impliedly invited, or could have been reasonably anticipated. As was said by the Supreme Court in the *Pierce* case, supra, in discussing the "turn-table cases," "We do not think that the doctrine should be applied to the keeping of useful machinery in an enclosed building, even though the doors be frequently left open."

3. The court erred in overruling the demurrer to plaintiff's petition.

*Judgment reversed. Bell, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. I am of the opinion that, under the allegations in the petition, the child, while in the building and in the elevator, was not a trespasser, and that the petition, under the ruling of this court in *Petree* v. *Davison-Paxon-Stokes Co.*, 30 *Ga. App.* 490 (118 S. E. 697), set out a cause of action.