21896. Atlantic Ice & Coal Company *v.* Harris.

Jenkins, P. J. 1. While the doctrine of the so-called "turntable cases" has not been limited strictly to turntable cases alone, both the Supreme Court and this court have refused to extend it to cases which upon their facts do not come "strictly and fully" within the principle upon which those cases rest. *Savannah, Florida & Western Ry. Co.* v. *Beavers*, 113 *Ga.* 398 (39 S. E. 82) (54 L. R. A. 314); *Southern Cotton Oil Co.* v. *Pierce*, 145 *Ga.* 130, 132 (88 S. E. 72); *Manos* v. *Myers-Miller Furniture Co.*, 32 *Ga. App.* 644 (124 S. E. 357); *Haley Motor Co.* v. *Boynton*, 40 *Ga. App.* 675 (150 S. E. 862). As was said in *Southern Cotton Oil Co.* v. *Pierce*, supra, the doctrine should not "be applied to the keeping of useful machinery in an enclosed building, even though the doors be frequently left open." The doctrine could not be extended to useful machinery kept upon an elevated platform of an ice company and in constant employment by the ice company in loading cars with its product.

2. Under the foregoing ruling, if the plaintiff in the instant case should be treated as a trespasser upon the premises of the defendant, and as dependent upon an application of the theory and doctrine of the turntable cases for recovery, his suit should be dismissed, since there is no allegation of wilful and wanton negligence on the part of the defendant or its employees. But it is alleged by the petition that the plaintiff, a boy of thirteen years, was on the premises of the defendant company at a place where children "were permitted to go, and where they frequently went, with the knowledge and consent of said defendant company," for the purpose of obtaining "snow" from the ice manufactured by the defendant. It was further alleged that the plaintiff was injured while riding on a conveyor chain used in loading ice on railroad cars, which conveyor chain he had been riding "for about twenty minutes," "in the presence of" the employees of the defendant company, and "in the full view and with the knowledge and consent of said employees and agents of the defendant." In these circumstances, the presence of the plaintiff on the premises of the defendant was under and by virtue of a license, and, his presence in a position of peril being known to the defendant, the duty of exercising ordinary care for his safety arose. *Petree* v. *Davison-Paxon Stokes Co.*, 30 *Ga. App.* 490, 494 (118 S. E. 697); *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 609 (58 S. E. 1060); *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442). The case differs from that of *Haley Motor Company* v. *Boynton*, supra, in that in that case the plaintiff, while lawfully upon the premises of the defendant by virtue of a license, entered upon the freight elevator without the knowledge of the defendant and was in-

jured by reason of his undertaking to operate the machinery. There was nothing in the petition in that case to indicate that the operation of the machinery by the plaintiff had been impliedly invited, or could have been reasonably anticipated, and it was held that the doctrine of the turntable cases, upon which it was sought to base liability, could not be extended to a case which did not come "strictly and fully within the principle upon which those cases rest."

3. Since it is alleged that children were permitted by the defendant to enter upon the premises for the purpose stated, it can not be said that a general demurrer to the petition should be sustained on the theory that it appears that the servants of the defendant company were acting without the scope of their authority in permitting the plaintiff to enter upon the premises. The lawful presence of the plaintiff, under the averments of the petition, did not rest upon an unauthorized invitation extended by a servant or agent, but upon a license from the defendant itself. Accordingly, the rule stated in *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490), is without application.

4. "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Civil Code (1910), § 3474. Accordingly, it can not be said, as a matter of law, that the injury to the plaintiff, a child of thirteen years, was occasioned by such lack of ordinary care for his own safety as would bar a recovery.

5. Since questions of diligence and negligence, including contributory negligence, as well as questions as to what negligence constitutes the proximate cause of an injury, are peculiarly questions for a jury, it can not be said, as a matter of law, that the defendant was not guilty of negligence in permitting the plaintiff to enter upon its premises at the place where the unguarded and unenclosed machinery was located, and to ride upon the conveyor chain without warning him as to the danger incident thereto.

6. The court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, J., concurs. Stephens, J., concurs specially.*

DECIDED JULY 14, 1932.

*Potlle, Hardwick, Farkas & Cobb,* for plaintiff in error.
*S. B. Lippitt,* contra.