*V. E. Adams,* contra.

23293. ATLANTIC COAST LINE RAILROAD COMPANY *v.* O'NEAL.

Decided January 17, 1934.   Rehearing denied February 15, 1934.

*S. F. Memory, Wilson, Bennett & Pedrick,* for plaintiff in error.

*F. M. Oliver, Parker & Parker,* contra.

Sutton, J.   C. C. O'Neal brought suit against the Atlantic Coast Line Railroad Company, seeking damages for the death of his eight-year-old son.   He alleged that his son was killed by reason of the negligence of the defendant in piling certain cross-ties and logs on its right of way adjacent to a public street in the city of Blackshear in such a manner as to cause them to become easily dislodged.   He alleged that for many years it had been the custom of the defendant to pile logs and cross-ties at this point; that children had been accustomed to play thereon for a long time, climbing upon and playing around them; that on July 20, 1932, his son came to this pile of logs while on an errand for his mother and stopped there to play; that this pile of logs had been inspected by a servant and agent of the defendant, one Leggett; that petitioner's son was attracted to said logs and thereby induced to play thereon; that defendant's said servant was present at the time and knew that petitioner's son and other children of immature years were playing upon said logs; that on said date the logs were not piled straightly and uniformly and were not tied or fastened, and one of them was lying at an angle or crosswise with the others; that defendant's said servant knew this, but did not warn petitioner's son of the danger, but permitted him and the other children to continue to play thereon; that the log lying crosswise became unbalanced in some manner and rolled over and upon petitioner's son, killing him; that the pile of logs, under the circumstances, amounted to the maintenance of an attractive nuisance; that the fact that it was attractive to children and dangerous to them and that children were accustomed to play there was fully known to the servants and agents of the defendant, and the duty devolved upon the defendant to protect chil-

dren of immature years, including petitioner's son, from injuries which might be inflicted upon them through the maintenance of such dangerous condition; and that it was the duty of said Leggett, defendant's servant, who was present at the time, and of the other agents and servants of the defendant who knew of the custom of children to play upon said logs, to warn such children of the danger of playing on them, drive them away, and keep them from playing upon said pile of logs. Petitioner alleged that the defendant should have enclosed the place where the logs were piled with a fence, or should have fastened them down so as to render them safe. The defendants demurred to the petition on the ground that no cause of action was set forth. The court overruled the demurrer, and to this judgment the defendant excepted.

The attractive-nuisance doctrine, sometimes called the "turntable doctrine," is that, when a person, who has an instrumentality, agency or condition upon his own premises, or who creates such condition on the premises of another, or in a public place, which may reasonably be apprehended to be a source of danger to children, is under a duty to take such precautions as a reasonably prudent man would take to prevent injury to children of tender years whom he knows to be accustomed to resort there, or who may, by reason of something there which may be expected to attract them, come there to play; or, as has been defined, "One who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or who permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement, is liable to a child non sui juris who is injured therefrom." Mattson v. Minnesota &c. R. Co., 95 Minn. 477 (104 N. W. 443, 70 L. R. A. 403, 111 Am. St. R. 483, 5 Ann. Cas. 498). The doctrine was recognized in this State in *Ferguson* v. *Columbus &c. R. Co.,* 75 *Ga.* 637, s. c. 77 *Ga.* 102. In *Carter* v. *LaMance,* 40 *Ga. App.* 695 (151 S. E. 406), where a child was injured by an unlocked and unguarded merrygoround, the above doctrine was held applicable. In that case it was said "defendants in error insist that the doctrine of the 'turn-table cases' should not be extended; but even if this were true it is not necessary to extend this doctrine in order to bring the instant case within it. Nor does the statement that it 'will not be extended' mean that it will not be applied." The opinion in the case of *Savannah &c.*

*Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314), was not to the effect that the doctrine would only be applied to turntable cases, but that the doctrine would not be extended to cases which upon their facts did not come strictly and fully within the principle upon which those cases rest. The judgment in the *Beavers* case was not reversed because the principle of the turntable cases as laid down in the *Ferguson* case was not sound, but because the *Ferguson* case was not authority applicable to the facts of the *Beavers* case. In the *Beavers* case there was no evidence that the defendant company had knowledge of the custom of children to frequent the locality where the injury occurred, and the place where the injury occurred was about one hundred yards from the closest public street. In the case of *Manos* v. *Myers-Miller Furniture Co.,* 32 *Ga. App.* 644 (124 S. E. 357), which was on demurrer, there was no allegation that the tier of shelves had been in the alley for any length of time or were customarily there, and there was no allegation that children customarily played upon or around these shelves; that the defendant knew of this custom or was charged with knowledge thereof; that the manner in which this tier was placed there rendered it dangerous, and that a servant of the defendant was present at the time the child was killed and, knowing of the danger to the child, failed to warn him or drive him away. That case is not authority for holding that the petition in the case at bar did not set out a cause of action. In the case of *Macon, Dublin &c. R. Co.* v. *Jordan,* 34 *Ga. App.* 350 (129 S. E. 443), where it was held that "A three-year-old child, injured while playing on a pile of cross-ties belonging to a railroad company and on its right of way, can not recover from the company on the theory that the cross-ties constituted such an attractive nuisance as to render the defendant liable under the doctrine of the 'turntable cases,'" it appears from the opinion of the court that in that case "the ties were 'about 100 feet from said well, and by the side of the path leading from said house to said well,' . . and it is not alleged that she had been in the habit, with or without the defendant's knowledge or consent, of going about them, or that there was any other circumstance, except the common knowledge of child nature, which should have put the defendant on notice that she would at any time do so." The case of *A. C. L. R. Co.* v. *Corbett,* 150 *Ga.* 747 (105 S. E. 358), is not controlling in this case.

There was no allegation in that case that children customarily played in the vicinity of and upon the railroad velocipede, of which the defendant had knowledge, and that a servant of the defendant was present at the time the child was injured and, knowing the danger of the child playing there, failed to warn him or prevent him from playing there. The above applies to the cases of *S. A. L. Ry.* v. *Young,* 20 *Ga. App.* 291 (93 S. E. 29) ; *Rome* v. *Cheney,* 114 *Ga.* 194, and *Mobley* v. *Monroe,* 37 *Ga. App.* 364 (140 S. E. 516). The ruling in this case is not contrary to the ruling of the Supreme Court of the United States in United Zinc & Chemical Co. *v.* Van Britt, 258 U. S. 268 (42 Sup. Ct. 299, 66 L. ed. 615, 36 A. L. R. 28). In that case the court held: "The owner of unfenced land on which, within 100 to 120 feet of a passing highway, is a pool of water, apparently clear and pure, but in fact poisonous, is not liable for the deaths of trespassing children, who went into the water and died of the poison, where it is at least doubtful whether the water could be seen from any place where the children lawfully were, and there is nothing to show that the pool was what led them to enter the land, and it does not appear that children were in the habit of going to the place." It will be seen that the facts necessary to make the attractive nuisance doctrine applicable did not appear in that case, as is pointed out in the ruling made therein.

If it is not made to appear that the defendant had knowledge, actual or imputed, of the presence of the injured child, a recovery should not be permitted. If the place or appliance can not be said to possess a quality calculated to attract children generally, it must be shown that to the defendant's knowledge the injured child or others were in the habit of using it. Whether or not in any particular case the defendant knew of the presence of the children, or should have foreseen their presence because of the allurement of his place or appliance, and whether with such knowledge he ought to have guarded or fenced the place or appliance, are questions for the jury to determine. See 20 R. C. L. § 73. It must be remembered that it is distinctly alleged that it was the custom of children to play upon these logs, that they were piled adjacent to a public street and in a dangerous manner, that the servants and agents of the defendant knew of this custom, and that one of the defendant's agents and servants was actually present at the time and saw plaintiff's son playing, with other children, upon these logs, and, knowing

the dangerous manner in which they were piled, failed to warn them or keep them away from the logs. While as a general proposition no liability is imposed under the attractive nuisance by reason of injuries caused by piles of materials, such as logs, ties, or lumber, it is otherwise, and a proper case for permitting a recovery, if the logs, ties, or lumber are piled in an unusual and dangerous manner, and the other essentials to bring the case within the attractive-nuisance doctrine appear. Bransom v. Labrot, 81 Ky. 638 (50 Am. R. 193); Busse v. Rogers, 120 Wis. 443 (98 N. W. 219); note 36 A. L. R. 213, 214. I am of the opinion that the petition makes out a case good as against general demurrer on this theory, but my colleagues do not agree with me in this respect.

However, we all agree to the result reached in the case,—that is, that the court below did not err in overruling the general demurrer to the petition. If any part of a petition sets forth a good cause of action, it is not subject to general demurrer. It is alleged that the logs were negligently and dangerously piled adjacent to a public street, that an agent or servant of the defendant was actually present when the plaintiff's child was playing upon these logs, actually saw him playing thereon, knew of the unsafe and dangerous condition of the logs, and failed to warn said child or keep him from playing upon the logs, and as a result thereof the child was killed by the logs rolling upon him. In these circumstances, the petition set forth a cause of action upon this theory, and the court below correctly overruled the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*