31505.   YANCEY *et al.* v. HYDEN.

DECIDED MARCH 21, 1947.   REHEARING DENIED APRIL 1, 1947.

*W. Neal Baird, Neely, Marshall & Greene, Fine & Hendrix,* for plaintiffs in error.

*Leonard Pennisi, G. H. Howard, C. W. Anderson, J. Wightman Bowden,* contra.

SUTTON, P. J. (After stating the foregoing facts.) 1. The machine which injured the plaintiff was not in itself a dangerous machine or one capable of injuring the plaintiff if there had not been the intervening and independent action of the plaintiff's playmates.

The machine had been used for grinding feed and, when demonstrated by the defendants, it used an electric motor for its motive power. At the time of the injury, the feeder pan and electric motor had been detached or disconnected from the machine and the machine was not in use, and those in charge of demonstrating it had gone from the fairgrounds for the day. The machine could not, and in fact did not, injure the plaintiff when he placed his foot on the ledge and into the opening which led to the grinding area. The plaintiff was injured only by reason of the independent and intervening act of his playmates, who set the machine in motion by turning the pulley on the opposite side of the machine. Even if allowing the children to enter where the machine was located was negligence, the owners or exhibitors of the machine would only be liable for the damage which naturally flowed from such act, and in the present case there was nothing to place the defendants on notice that the plaintiff might thrust his foot into the opening of the machine which led to the grinding area and that, while the plaintiff's foot remained in such opening, another child or children might turn the pulley by hand, set the machine in motion, and injure the plaintiff.

The appellate courts of this State have ruled repeatedly that the doctrine of the "turn-table cases" will not be extended. *O'Connor v. Brucker,* 117 *Ga.* 451 (4) (43 S. E. 731); *Pippin v. Regenstein Co.,* 58 *Ga. App.* 819 (199 S. E. 790); *Healey v. Webb,* 60 *Ga. App.* 331 (3 S. E. 2d, 868). The allegations of the amended petition did not set out a cause of action against the defendants, DeWitt Yancey and William S. Bingham, trading as Farm Equipment Exchange, and the trial judge erred in overruling their general demurrer to the petition. *Healey v. Webb,* supra; *O'Connor v. Brucker,* supra; *Atlantic Coast Line Railroad Co. v. Corbitt,* 150 *Ga.* 747 (105 S. E. 358); *Horton v. Sanchez,* 57 *Ga. App.* 612 (195 S. E. 873); *Pippin v. Regenstein Co.,* supra. Also see *Southern Cotton Oil Co. v. Pierce,* 145 *Ga.* 130 (88 S. E. 672); *Atlantic Coast Line Railroad Co. v. O'Neal,* 180 *Ga.* 153 (178 S. E. 451); *Manos v. Myers-Miller Furniture Co.,* 32 *Ga. App.* 644 (124 S. E. 357); *McCall v. McCallie,* 48 *Ga. App.* 99 (171 S. E. 843).

The cases cited and relied on by the defendant in error, *Archer v. Blalock,* 97 *Ga.* 719 (25 S. E. 391), *Atlanta Cotton Seed Oil Mills v. Coffey,* 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244), and

*Folsom* v. *Lewis,* 85 *Ga.* 146 (11 S. E. 606), are distinguishable on their facts from the present case and do not authorize or require a different ruling from the one made herein.

The trial judge erred in overruling the demurrer to the amended petition and in not dismissing the action as to these defendants.

*Judgment reversed. Felton and Parker, JJ., concur.*