### 33489. BROWN *v.* BONE.

DECIDED NOVEMBER 27, 1951.

*Sidney Moore, R. S. Foy,* for plaintiff.

*T. J. Long,* for defendant.

MacIntyre, P. J.  It might be well to note in the beginning that the recovery in the instant case is sought because of the dangerous statical condition of the premises, and not because of

dangerous active operations (active negligence) being carried on there.

"While the doctrine of the so-called 'turntable cases' has not been limited strictly to turntable cases alone, both the Supreme Court and this court have refused to extend it to cases which upon their facts do not come 'strictly and fully' within the principle upon which those cases rest." *Atlantic Ice & Coal Co.* v. *Harris*, 45 *Ga. App.* 419 (165 S. E. 134); *Savannah, Fla. &c. Ry. Co.* v. *Beavers*, 113 *Ga.* 398 (39 S. E. 82); *Southern Cotton Oil Co.* v. *Pierce*, 145 *Ga.* 130, 132 (88 S. E. 672); *Atlantic Coast Line R. Co.* v. *Corbett*, 150 *Ga.* 747 (105 S. E. 358); *Manos* v. *Myers-Miller Furn. Co.*, 32 *Ga. App.* 644 (124 S. E. 357); *Haley Motor Co.* v. *Boynton*, 40 *Ga. App.* 675 (150 S. E. 862); *Yancey* v. *Hyden*, 75 *Ga. App.* 86 (42 S. E. 2d, 154); *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153 (178 S. E. 451).

Under the rule of the foregoing cases, the doctrine of the turntable cases should not be applied in the instant case to useful machinery in a statical condition on an unenclosed lot upon which the defendant was constructing a house.

The plaintiff says, however, that, if the doctrine of the turntable cases is not applicable here, nevertheless liability exists in this case against the defendant on another theory—namely, that he was a licensee on the premises, and that the defendant had actual knowledge of his presence there and failed to warn him of his dangerous position; and he predicates his theory of liability upon the cases of *Atlantic Ice & Coal Co.* v. *Harris*, supra, and *American Tel. &c. Co.* v. *Murden*, 141 *Ga.* 208 (80 S. E. 788).

The *Harris* case is differentiated from the instant one, in that there the plaintiff was injured "while riding on a conveyor chain used in loading ice on railroad cars, which conveyor chain he had been riding 'for about twenty minutes,' 'in the presence of' the employees of the defendant company, and 'in full view and with the knowledge and consent of said employees and agents of the defendant'," while, in the instant case, the injury was caused by a statical condition and not by active negligence upon the part of the occupier of the premises in bringing force to bear upon the plaintiff. In short, the injuries in the *Harris* case were

the result of a dangerous act done (active negligence), whereas here the injury was caused by a statical condition.

In *Atlantic Coast Line R. Co.* v. *O'Neal*, supra, the Supreme Court reversed this court's decision in *Atlantic Coast Line R. Co.* v. *O'Neal*, 48 *Ga. App.* 706 (172 S. E. 740), holding that the petition in that case failed to show negligence on the part of the defendant. It was alleged in the petition under consideration there "that the logs were negligently and dangerously piled adjacent to a public street, that an agent or servant of the defendant was actually present when the plaintiff's child was playing upon these logs, actually saw him playing thereon, knew of the unsafe and dangerous condition of the logs, and failed to warn said child or keep him from playing upon the logs, and as a result thereof the child was killed by the logs rolling upon him." And in the *O'Neal* case the Supreme Court stated: "The child could have been no more than a licensee. 'But there is a clear distinction between the duty owing to such an invitee and the duty owing to a mere licensee. An owner owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation.' *Crossgrove* v. *A. C. L. R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694). The allegations of negligence, when considered in connection with the whole petition, do not set out an invitation, express or implied; there are not sufficient allegations in the petition to show that the agent or employee of the company was under a duty to issue warning to the child; and we are constrained to the view that the petition sets out no cause of action against the defendant, and that the Court of Appeals erred in affirming the judgment overruling the demurrer to the petition."

In *Atlantic Coast Line R. Co.* v. *Corbett*, supra, it was stated: "The plaintiff alleged that the defendant was negligent in leaving and placing what is known as a 'velocipede car' in an open and exposed place near the depot in the town of Manor, where the public were accustomed to travel and be, and where the small children of the town were at liberty to go and where they frequently went. He [the plaintiff] charged negligence

upon the part of the defendant in leaving such dangerous and attractive machine unfastened, unenclosed, and unguarded in a public place near the heart of the town, where it was easily accessible to children, and in failing to fasten it securely so that it could not be moved backward and forward; that, while it was fastened with a lock and chain, the slack in the chain permitted its forward and backward movement, with slight effort, for a distance of 'from two to two and one half feet,' rendering the gearing and machinery dangerous to children who might be near by; that the car was most attractive to children, because of its similarity in principle to a bicycle or velocipede, a universal plaything of children; that it was painted in bright, attractive colors; that, in trying to play with the velocipede car, the boy caught his hands in the cogs and gearing, and his right hand was badly crushed and mashed and bones broken, resulting in permanent injury and loss of the thumb. The defendant company filed a general and special demurrer. The general demurrer was sustained, and upon writ of error to the Court of Appeals this judgment was reversed. The case is in this court on certiorari from the Court of Appeals. The facts stated in the petition, taken as true (as they must be when tested by general demurrer), failed to show negligence by the defendant; and the petition was properly dismissed." See *Corbett* v. *Atlantic Coast Line R. Co.*, 24 *Ga. App.* 790 (102 S. E. 464). In the *Corbett* case, this court had said that it was controlled by the case of *American Telephone &c. Co.* v. *Murden,* supra; but the Supreme Court in the *Corbett* case stated that the facts there differed from those stated in the *Murden* case and in *Ferguson* v. *Columbus & Rome Ry.,* 75 *Ga.* 637, and then stated that the rule adopted in those cases would not be extended. From this we take it that the Supreme Court construed the *Murden* case to be a turntable case, as the *Ferguson* case is the first one in this State which adopted the turntable principle eo nomine; and since the Supreme Court in the *Corbett* case treats the *Murden* case as coming under the doctrine of the turntable cases, in view of what has been said above, the *Murden* case is not applicable or controlling on the instant case.

In *Sewell* v. *City of Atlanta,* 45 *Ga. App.* 166 (164 S. E. 70), it was held: "No cause of action against the city was shown by

the petition in this case, from which it appeared that the plaintiff, a child, who, when playing with other children in a vacant lot used generally by children as a playground and on which employees of the city had stored a motor-driven street-grading machine, was injured by an explosion of gasoline escaping from a defective tank of the machine when one of the children struck a match near it in an effort to find a lost marble. Under the facts alleged, the doctrine of liability for maintenance of a nuisance attractive to children was not applicable," citing the *Corbett* case, supra.

As against general demurrer to the petition, "it is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence" (*Bivins* v. *Tucker*, 41 *Ga. App.* 771, 774, 154 S. E. 820), for, "if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *Mac-Dougald*, 148 *Ga.* 429 (1) (96 S. E. 867). Here the evidentiary facts pleaded are not such as to demand the inference that the bulldozer with the pan suspended in the air was a trap creating a dangerous peril, which was the equivalent of wilful and wanton negligence. On the contrary, from the evidentiary facts stated in the petition, the inference may fairly be drawn that the proximate cause of the injury to the plaintiff was the intervening and independent act of the plaintiff himself or his playmates, and that the petition did set out a cause of action against the defendant; and the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Gardner, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. Where the petition alleges facts sufficient to show that the defendant is maintaining on his premises a nuisance attractive to children, this constitutes an implied invitation to children to come on the premises, and the defendant owes them the duty of ordinary care, owing to invitees generally. Code, § 105-401. Under the authority of *Atlantic Coast Line R. Co.* v. *Corbett*, 150 *Ga.* 747, the facts here are not sufficient to show that the plaintiff was in invitee, or to

show negligence on the part of the defendant. The petition does not allege that the bulldozer pan fell through any negligence of the defendant, or that he had knowledge that it was precariously balanced and would fall easily.

The duty which the defendant in this case owed the plaintiff is that which the owner or occupier of premises owes a licensee. See *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153, 156, where it was said: "An owner owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm." In *Savannah, Fla. &c. Ry. Co.* v. *Beavers*, 113 *Ga.* 398, it was held that, once the law imposes a given duty upon the owner or occupier of premises, the degree of care to be exercised in the performance of that duty may be greater toward a child than toward an adult, but the mere fact that the injured party is a child does not itself raise the duty on the part of the owner where such duty would not otherwise exist.

This case is not controlled by *Clinton* v. *Gunn-Willis Lumber Co.*, 77 *Ga. App.* 643 (49 S. E. 2d, 143), because there it was held that the high voltage of electricity contained in the exposed wire was an active force maintained by one of the defendants on the premises of the other defendant, whereas the pan attached to the bulldozer in this case was a statical object. See *Atlantic Coast Line R. Co.* v. *O'Neal*, supra. Personally, I do not agree with the principles of law laid down by our Supreme Court in the *O'Neal* case and *Savannah, Fla. &c. Ry. Co.* v. *Beavers*, supra, and in *Atlantic Coast Line R. Co.* v. *Corbett*, 150 *Ga.* 747. I think that, when an owner or occupier of premises sees a child of tender years playing thereon in such manner as may reasonably be concluded to be likely to cause injury, the duty should arise to warn him of the injury. I also think that the velocipede in the *Corbett* case should have been held to be an attractive nuisance, and that the logs and crossties in the *O'Neal* case should have been held to constitute a mantrap. But for those decisions this court would be free to hold that the petition here sets forth a cause of action. However, those decisions of our Supreme Court are binding on this court, and for these reasons I must concur in the opinion.