### 24339. BOHN *v.* BEASLEY.

JENKINS, P. J. The petition indicates that the plaintiff, after visiting a tenant in the upstairs apartment of premises owned by the defendant, for a purpose of her own, was proceeding to descend the stairway in a hall only dimly lighted by windows of insufficient size, and that in this darkened passageway she was misled by the unusual construction of the banister, extending in a straight line along the upstairs floor beyond the place where the steps commenced to descend, which construction deceived her into believing that the floor continued to the point where the banister terminated, whereas the stairway began to descend approximately seven feet before reaching the point where the descent as indicated by the banister was reached. She alleges that by reason of the poor lighting and the peculiar and dangerous construction of the banister with reference to the stairs, she stumbled down the stairway and sustained the injuries complained of. *Held:* Treating the plaintiff as a licensee of the owner of the premises, as distinguished from an invitee, it is nevertheless true that the owner of the premises owed to the plaintiff as a licensee, whose presence he was bound to anticipate, the duty of not wilfully, wantonly, or recklessly exposing her to a dangerous and deceptive situation amounting to a hidden peril. *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (2) (59 S. E. 442). Accordingly, it was a question for the jury to determine whether, under this rule and the facts stated, the defendant would be liable; and the court did not err in overruling the demurrer to the petition. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 9, 1935. REHEARING DENIED JULY 2, 1935.

*McLaws, McLaws & Brennan,* for plaintiff in error.
*Ulmer & Dowell,* contra.