29792.   HORNSBY, administratrix, *v.* HENRY *et al.*

DECIDED OCTOBER 14, 1942.

*George & John L. Westmoreland, Joe Buffington,* for plaintiff.
*Ernest P. Rogers, Hirsch, Smith, Kilpatrick, Clay & Cody, A. G. Cleveland, Jr.,* for defendants.

GARDNER, J. The plaintiff's case rests òn the doctrine of attractive and alluring danger, to raise the inference that the child

was an invitee. It is not reasonable to assume that an old truck would be so attractive and alluring as to amount to an implied invitation to play around it. However, we think this would be governed by the ruling in *Savannah, Florida & Western Railway Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314), as follows: "One who makes an excavation upon his land is not bound to so guard it as to prevent injury to children who come upon it without his invitation, express or implied, but who are induced to do so merely by the alluring attractiveness of the excavation and its surroundings." See *Seaboard Air-Line Railway* v. *Young,* 20 *Ga. App.* 291 (93 S. E. 29), the headnote of which reads: "A heavy two-wheeled truck used for moving freight in a depot was not so attractive as a plaything for children and so dangerous in its nature as to come within the rule of the 'turn-table cases,' and the railway company was not liable for leaving it accessible to a child who was in the habit of playing at the depot and who was injured by it." See also *Haley Motor Co.* v. *Boynton,* 40 *Ga. App.* 675 (150 S. E. 862). The case at bar is almost identical with *Bowers* v. *Texas Co.,* 65 *Ga. App.* 874 (16 S. E. 2d, 765), where the court said: "As a general rule, the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon them, not by any invitation, express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be." Counsel for the plaintiff cites *Atlantic Ice & Coal Co.* v. *Harris,* 45 *Ga. App.* 419 (165 S. E. 134). We see nothing in that case which is at variance with the cases herein cited. In fact, the rulings in the *Beavers* case, supra, and in *Southern Cotton-Oil Co.* v. *Pierce,* 145 *Ga.* 130 (88 S. E. 672), are incorporated as part of headnote 1 of the *Atlantic Ice & Coal Co.* case. *Simmons* v. *Atlanta & West Point Railroad Co.,* 46 *Ga. App.* 93 (166 S. E. 666), *Southern Railway Co.* v. *Chatham,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675), and *Ferguson* v. *Columbus & Rome Railway,* 75 *Ga.* 637, differ on their facts from the case at bar, and are therefore not controlling. In *Braselton* v. *Brazell,* 49 *Ga. App.* 269 (175 S. E. 254), it was ruled: "The doctrine of the so-called 'turntable cases,' which constitutes an exception to the general rule that

an occupier of land is under no duty to keep his premises safe for trespassers, but under which it has been held that a dangerous and attractive instrumentality such as a turntable must be kept on the land with ordinary care to protect children, who might reasonably be attracted thereby, will be strictly limited; and the doctrine will not be extended so as to have application to a motor-truck which is being driven by an agent of the owner on city streets or the premises of another."

The facts stated in the petition, taken as true (as they must be when tested by general demurrer), fail to show negligence by the defendant. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*