HARRELL *v.* BURCH.

No. 14343.    December 1, 1942.

*O. J. Franklin, for plaintiff.* *Will Ed Smith,* for defendant.

REID, Chief Justice. 1. In the petition seeking cancellation of a tax deed and other equitable relief, the plaintiff alleges that she did not own the land sold to satisfy the taxes at the time of the sale, but that the ownership was in other named persons at that time, and that she subsequently became the owner of a portion of the land by virtue of a year's-support judgment. But she also alleges that "defendant is in possession of the lands . . by virtue of a tax deed . . to satisfy and pay tax fi. fas. issued against Mrs. W. V. Harrell [the plaintiff in this action] for state, county and school taxes for the years 1931, 1932, 1934, and 1935." Nowhere in the petition does the plaintiff allege that she does not owe the taxes, or that she did not own other property which might have been the basis of the tax executions issued against her. When she merely alleges that the particular lands sold to satisfy the tax fi. fas. issued against her were not owned by her at the time of the tax accrual and sale, but does not negative her obligation and indebtedness for taxes upon other property, the allegations of the

petition, which on demurrer must be taken as true and construed most strongly against the pleader, show that she owed the tax. *Bibb County* v. *Elkan,* 184 *Ga.* 520, 524 (192 S. E. 7); *Long Realty Co.* v. *First National Bank of Valdosta,* 177 *Ga.* 440 (170 S. E. 485).

Taxes constitute a general lien upon all the property of the taxpayer, and attach at the time fixed by law for valuation. Code, § 92-5708; *Gledney* v. *Deavors,* 8 *Ga.* 479; *Stephens* v. *First National Bank of Newnan,* 166 *Ga.* 380 (143 S. E. 386). The Code, § 37-104, declares: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Generally equity will not cancel a conveyance under which anything has been received, until repayment is made. *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (5) (93 S. E. 418); *Interstate Bond Co.* v. *Cullars,* 180 *Ga.* 283 (3) (5 S. E. 2d, 756); *Elder* v. *Home Building & Loan Association,* 185 *Ga.* 258 (194 S. E. 745). An exception to the rule requiring tender is where the petition alleges that the defendant has been in possession, receiving the rents and profits of the premises conveyed, and prays for an accounting therefor by the defendant, and that the correct amount due him be declared and set up. *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605); *Zugar* v. *Scarbrough,* 186 *Ga.* 310, 320 (197 S. E. 854). But in the *Zugar* case the court said: "It appears from the allegations that the damage from the trespasses exceeds by far the amount of the taxes for which the plaintiffs are accountable in equity. . . Since it thus appears from the petition that each of the defendants is liable to the plaintiffs in a sum greater than the amount of the taxes for which the property was sold, and that the plaintiffs are virtually asking for an accounting from all of them and are willing to do equity in the premises, the allegations with reference to excessive levy and the prayer for cancellation were not deficient for the failure to allege a previous tender of the amount of the taxes." In the instant case the plaintiff alleges that the tax fi. fas. amounted to $483.64, but she alleges rents and profits of only $300 for which she claims that the defendant is accountable. Accordingly, the plaintiff by her petition does not either allege that she has tendered the amount of the taxes as required by the general rule, or come within the exception relieving her from making such tender, be-

cause under her own allegations she does not show that the defendant is accountable to her for the amount of the taxes. Upon these principles it was not error to sustain the demurrer and dismiss the action.

This is not to hold that the property set apart to Mrs. Harrell as a year's support from the estate of her husband, who held the estate in remainder, is subject to any of the taxes as liens on the land either in rem or against his estate (Code, §§ 113-1002, 113-1508), but is a mere application of the rule discussed above, which required of her, irrespective of the year's support, that in seeking equitable relief in such circumstances she tender the amount of taxes owing by her.

*Judgment affirmed. All Justices concur.*