31631. BANKS *v.* WATTS, next friend, etc.

DECIDED OCTOBER 9, 1947.

*Thomas A. Jacobs Jr.,* for plaintiff in error.

*L. Eugene Jessup,* contra.

MacINTYRE, P. J. Since the petition discloses no mutuality of interest between the injured child and the defendant, the former was not an invitee of the latter. *Central of Georgia Railway Co. v. Ledbetter,* 46 *Ga. App.* 500 (168 S. E. 81).

In *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, 492 (118 S. E. 697), it is said: "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience, or gratification. . . In the case of a trespasser 'liability arises only where the injury has been occasioned by the wilful and wanton negligence of the proprietor or owner. No duty of anticipating his presence is imposed; and, as was pointed out by this court in *Charleston & W. C. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064), the duty to use ordinary care to avoid injuring him after his presence and danger is actually known is, in point of fact, merely the duty not to injure him wantonly or wilfully.' In the case of a licensee 'there is a slightly higher duty on the part of the owner or proprietor of the premises. He must not wantonly and wilfully injure the licensee; and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. . . To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety,

except that they must not contain pitfalls, mantraps, and things of that character.' "

We are of the opinion that the allegations of the petition in the case sub judice show that the child was a licensee. Viewing him as a licensee, the defendant owed the child a duty to refrain from wilfully or wantonly injuring, or wantonly and recklessly exposing him to hidden perils, and a duty to exercise ordinary care to avoid injuring him after his presence on the premises was, or should have been, discovered. *Rawlins* v. *Pickren,* 45 *Ga. App.* 261, 262 (164 S. E. 223); *Bohn* v. *Beasley,* 51 *Ga. App.* 341 (180 S. E. 656).

The petition shows that the positive, direct act of the defendant caused the injury. The slightest care on the part of the defendant would have obviated any danger. To look out along the course of the projected stream and ascertain if the way was clear would have required but a moment's notice. The deflection of the pipes downward, or to protect them by hoods, could easily have been done, and the peril thereby removed. Whether the affirmative act of the defendant amounted to a lack of ordinary care and diligence after the presence of the child was known or reasonably should have been anticipated is a question which should be submitted to the jury. See, in this connection, Wilson v. American Bridge Co., 74 App. Div. 596 (77 N. Y. Supp. 820). As against a general demurrer, the petition sets forth a cause of action, and the judge did not err in overruling the demurrer of the defendant.

We have considered each and every ground of the defendant's special demurrers and find them to be without merit. The judge did not err in overruling all special demurrers.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*