34927. COLONIAL STORES, INCORPORATED, *et al. v.* BREWSTER.

Decided January 27, 1954.

*W. W. Mundy, Jr., Boykin & Boykin,* for plaintiffs in error.
*Stewart & York, Dan Winn,* contra.

FELTON, C. J. The plaintiffs in error contend that the amended petition shows that the plaintiff was a mere licensee as to the storeroom portion of the store premises, and that no breach of duty owed by the defendants to the plaintiff as a licensee is shown. Conceding that a person may be an invitee as to certain portions of premises and a licensee or trespasser as to other portions (*Piggly Wiggly* v. *Kelsey,* 83 *Ga. App.* 526, 64 S. E. 2d 201), we think that the amended petition shows that the plaintiff was an invitee as to the storeroom portion of the store premises. The amended petition alleges that the plaintiff entered into the main portion of the store premises for the purpose of buying groceries, and thus alleges that she was an invitee as to that portion of the premises. The amended petition further alleges that on numerous occasions the store manager had told the plaintiff that she could use the telephone to call a taxicab to pick up her and her groceries, as the store permitted its customers to use the telephone as a part of its services. If the store permitted its customers to use the storeroom portion of the premises for the purpose of using the telephone as a part of its serv-

ices, we cannot say as a matter of law that the plaintiff's use of the telephone was for her sole benefit, and that she was not an invitee as to that portion of the premises. *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143, 149 (7) (167 S. E. 119); *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (2) (116 S. E. 17). The case of *Piggly Wiggly* v. *Kelsey*, supra, is distinguishable from the instant case, as evidenced by the following excerpt from the opinion in that case (p. 530): "The plaintiff alleges facts to establish himself as an invitee to the store portion of the defendant's premises, and bases his right of recovery on the theory of being an invitee; but he fails to allege that the initial invitation expressly extended to the use of the elevator, which was not located in the store portion of the premises, or that such use was an essential part of his initial invitation, or that he customarily used the elevator for the purpose of moving the sawdust from one floor to another, with the knowledge of the defendant, when he sold and delivered sawdust to the defendant. Nor does the plaintiff allege that an agent of the defendant authorized to extend an invitation to use the elevator and the premises adjacent thereto saw him place the first sack of sawdust on the elevator and allowed him to so use the elevator without objecting thereto, so as to allege an implied invitation to use the elevator. In the absence of an allegation of at least one of the above propositions, . . . the petition did not state a cause of action against the defendant."

■ The defendants specially demurred to the following paragraph of the amended petition: "Petitioner shows that she had been buying groceries from Colonial Stores for several years and was well acquainted with Mr. Charles Orr, the manager of the store. On numerous occasions Mr. Orr had told petitioner that she could use the telephone to call a taxicab to pick up her and her groceries as the store permitted its customers to use the telephone as a part of its services. After buying her groceries petitioner went to use said telephone which was in the back portion of said store, being behind the door just inside the storeroom of said store, as she had done on many other occasions." The grounds of the demurrer were that the allegations were lacking in certainty, were too vague and indefinite, and that the allegation, " 'as the store permitted its customers to use the telephone

568

as a part of its services' appears to be a left handed method of attempting to allege a custom, without doing so," and was a mere conclusion of the pleader. The defendants contend that, had the court sustained the special demurrer, the petition should have been dismissed on general demurrer, as, applying the principle stated in *Southern Grocery Stores* v. *Childs*, 174 *Ga.* 888 (2) (164 S. E. 766), it would have been necessary to construe the petition on general demurrer as if that paragraph were not alleged therein. We agree with the plaintiffs in error that if this paragraph of the amended petition had been subject to the special demurrer urged, the petition would have failed to allege that the plaintiff was an invitee as to the storeroom portion of the premises and would have been subject to a general demurrer. However, we do not agree that the paragraph was subject to the special demurrer. The allegations in the paragraph were not conclusions, but were allegations of ultimate facts, and it was not necessary for the plaintiff to allege the evidence by which the allegations would be proved. *Atlantic Co.* v. *Taylor*, 80 *Ga. App.* 25, 30 (1) (54 S. E. 2d 910).

The court did not err in overruling either the special or the general demurrer.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*