36812.   COOPER, by Next Friend *v.* ANDERSON *et al.*

DECIDED DECEMBER 4, 1957—REHEARING DENIED
DECEMBER 18, 1957.

804

*Wilson, Branch & Barwick, M. Cook Barwick, Thomas S. Bentley,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr., B. Hugh Burgess,* contra.

QUILLIAN, J. For the sake of convenience the plaintiff in error will be referred to as the plaintiff and the defendants in error as the defendants, the parties having occupied those respective positions in the trial court.

The initial question for decision is whether the alleged conduct of the defendants, if both were responsible for the installation and operation of the fan, amounted to actionable negligence.

The question is comprehensive; it invokes consideration of the degree of care owed by the defendants to the plaintiff,

whether that duty was violated, and whether the violation proximately caused the plaintiff's alleged injuries.

Liability in every tort case rests on the breach of a duty and resultant injury or damage to him to whom the duty is owed. Code § 105-203.

The same duty may arise from different basic obligations imposed by law upon several defendants. In the situation related by the petition that is true in the case at bar. While the requirements of the law in reference to the owner and proprietor of the bakery are not identical, the factual situation alleged both the owner and the proprietor of the bakery, defendants Anderson and Scarboro Enterprises, Inc., owed the plaintiff the duty of exercising the same care to avoid injuring him, when he was lawfully upon the premises owned by the one and occupied by the other.

The law demands of the owner of premises that he neither create upon the property nor permit after reasonable opportunity to learn of its existence a structural condition of static danger which with foreseeable probability may be activated by the negligence of another and imperil persons lawfully upon the property.

The proprietor must refrain from creating, maintaining, or employing in the conduct of his business a device or instrumentality which is apt in the ordinary course of human events to injure persons lawfully coming into his establishment. *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57).

From reading the briefs filed in the case, the court is impressed that both the plaintiff and defendants regard the plaintiff's status on the occasion when he was injured as that of a licensee. The duty generally owed a licensee by the owner or proprietor of premises is not to wilfully and wantonly injure him (*Cobb* v. *First National Bank of Atlanta*, 58 *Ga. App.* 160 (2), 198 S. E. 111), which includes the obligation not to lay for him or permit to exist pitfalls or mantraps in which it may be reasonably anticipated he will become ensnared (*Bohn* v. *Beasley*, 51 *Ga. App.* 341, 180 S. E. 656), that is concealed perils to which it may be reasonably anticipated he may become a victim. *Rollestone* v. *Cassirer & Co.*, 3 *Ga. App.* 161 (2) (59 S. E. 442); *Leach* v. *Inman*, 63 *Ga. App.* 790 (5) (12 S. E. 2d 103); *Petree* v. *Davison-Paxon-Stokes Co.*, 30 *Ga. App.* 490 (118 S. E. 697). And

after a proprietor or owner of property becomes aware, or should anticipate the presence of the licensee, the duty rests upon the owner or proprietor to exercise ordinary care to avoid injuring him. *Banks* v. *Watts,* 75 *Ga. App.* 769 (44 S. E. 2d 510) ; *Georgia Southern & Fla. Ry. Co.* v. *Wilson,* 93 *Ga. App.* 94 (1) (91 S. E. 2d 71).

In *Petree* v. *Davison-Paxon-Stokes Co.,* supra, at p. 496, allusion is made to the duty of the owner or proprietor of premises to exercise ordinary care in keeping a way along which the licensee is permitted to pass and where his presence should be anticipated free from hidden dangers, whether upon or suspended above such way and that the presence of a child who accompanies his parent into a store must be anticipated by the proprietor and owner of the property.

It follows that had the parties been correct in the assumption that the plaintiff was a mere licensee, under the rules we have stated, the defendant should have used ordinary care to avoid injuring him when he came into the bakery.

The preceding discussion assumes but does not decide that the plaintiff upon entering the bakery occupied the status of a licensee. We now consider the question as to whether in the circumstances alleged in the petition the plaintiff must be classified as an invitee in the bakery.

In *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (6, 7) (167 S. E. 119) it is held: "Where one enters the premises of another for purposes connected with the business of the owner, conducted on the premises, he is an invitee, and the owner of the premises is liable in damages to him for a failure to exercise ordinary care in keeping the premises safe. The duty to keep the premises safe for invitees extends to all portions of the premises which it is necessary for the invitee to use in the course of the business for which the invitation was extended, and at which his presence should therefore be reasonably anticipated, or to which he is allowed to go." See also *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415). The view of counsel that the plaintiff, on entering the bakery was a licensee, is based on the holding of this court in the *Petree* case that a child who enters a store in company with his parent is a licensee. We are of the opinion that the holding was not a correct pronouncement of the law

in the year 1923 when the case was reported, and are more firmly convinced, that if then sound, it is inapplicable to conditions prevailing in the year 1956, and at present. By the year 1956 it had become the universal custom of children to accompany or be carried by parents into stores where provender and clothes were purchased. This is a fixed business usage recognized and encouraged by trades people and one so general that we are constrained to take judicial cognizance of its existence. Not only is it customary for small children to be carried into stores, bakeries, and similar shops, but it is done in connection with the proprietor's business, because the patronage of the parents depends upon the privilege of bringing the children. While we believe this has to some extent always been true, in this day when both parents are more frequently employed in commercial or industrial enterprises it is seldom that both are free to attend the children. At any rate, whether there be a reason for it or not, a casual observation of the assemblies in stores and bakeries on any busy day will attest to the accuracy of the statement that children generally accompany or are carried by their parents where the latter trade. That the custom is recognized by merchants is conclusively shown by the devices designed for the amusement of children commonly found in the stores. A casual conversation with almost any parent will substantiate the verity of the statement that the parent would not trade in a store that did not permit the presence of the children. It is apparent that a child who accompanies his parent customer into a store, or similar establishment does not come within the definition of a licensee contained in Code § 105-402, for he does not enter such establishment "merely for his own interest, convenience, or gratification," but his presence is essential and vital to the business conducted on the premises by the owner or proprietor. So while we pay homage to the great and gifted jurist who was the author of the opinion in the *Petree* case, that opinion is overruled, as to the single principle to which we have referred.

Our opinion in this regard is fortified by similar holdings in many other jurisdictions. Custer *v.* Atlantic & Pacific Tea Co. (D. C. Mun. App.), 43 Atl. 2d 716; Milliken *v.* Weybosset Pure Food Market, 71 R. I. 312 (44 Atl. 2d 723); Crane *v.* Smith,

23 Cal. 2d 288 (144 Pac. 2d 356); Weinberg *v.* Hartman, 45 Del. 9 (65 Atl. 2d 805); Kennedy *v.* Phillips, 319 Mo. 573 (5 S. W. 2d 33); Montgomery *v.* Allis-Chalmers Mfg. Co. (Tex. Civ. App.); 164 S. W. 2d 556; L. S. Ayres & Co. *v.* Hicks (Ind.), 40 N. E. 2d 334; Wheaton *v.* Goldblatt Bros., Inc., 295 Ill. App. 618 (15 N. E. 2d 64); Carlisle *v.* J. Weingarten, Inc., 137 Tex. 220 (152 S. W. 2d 1073); Walec *v.* Jersey State Electric Co., Inc., 125 N. J. L. 90 (13 Atl. 2d 301); Lewin *v.* Ohrbach's, Inc., 14 N. J. Super., 193 (82 Atl. 2d 4); Takashi Kataoka *v.* May Department Stores Co., 60 Cal. App. 2d 177 (140 Pac. 2d 467).

The plaintiff as he entered the bakery had the status of an invitee to whom the law requires ordinary care to be accorded.

The ultimate result so far as the question of the degree of care due the plaintiff is the same under the peculiar circumstances pleaded whether he was a licensee or an invitee, but since question of proof necessary to his recovery might be slightly varied, we feel that the determination of his relationship to the defendants is of such importance that it should be decided. It is well to observe that where, as in this case, an owner of property leases it to be used in the conduct of a business, those coming upon the premises in connection with the conduct of the business are invitees of the owner and proprietor alike. "A guest of a tenant is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises." *Rothberg* v. *Bradley,* 85 *Ga. App.* 477 (2) (69 S. E. 2d 293).

We have stated the duties which, according to the petitioner, devolved upon the owner and proprietor in the installation, maintaining, and operating the fan, and defined the degree of care owed by the defendants to the plaintiff. We now consider the sufficiency of the petition to show the defendants were negligent in the installation, maintaining, and operation of the fan. Code § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

The petition alleged that the fan was a dangerous device, and that it was installed by both the defendants in a concealed po-

sition, where one entering the bakery could not observe and avoid coming in contact with it. The allegation was not a mere conclusion of the pleader, unsupported as contended by the defendants, but was a direct declaration of fact that needed no support from other averments. *Western & Atlantic R. Co.* v. *Watkins*, 14 *Ga. App.* 388 (1) (80 S. E. 916) ; *Seaboard Air-Line R. Co.* v. *Stoddard*, 82 *Ga. App.* 743 (62 S. E. 2d 620) ; *Colonial Stores, Inc.* v. *Brewster*, 89 *Ga. App.* 564 (80 S. E. 2d 81)'. There were facts alleged upon which the allegation referred to could have been based. *Morgan* v. *Crowley*, 91 *Ga. App.* 58 (6) (85 S. E. 2d 40) ; *Georgia, Southern & Fla. Ry. Co.* v. *Williamson*, 84 *Ga. App.* 167, 176 (65 S. E. 2d 444) ; *Richardson* v. *Pollard*, 57 *Ga. App.* 777 (4) (196 S. E. 199). The rather minute description of the fan's placement set out in the petition supported the averment that the fan was in a concealed position.

The question as to whether the placement and operation of the fan suspended seven feet above floor level was negligent, depends on whether the defendants should have reasonably anticipated that in the ordinary course of events persons lawfully entering the bakery would come in contact with it and sustain injury. The question cannot be resolved as a purely legal question because obviously it is one concerning which reasonable men might differ. *Wright* v. *Southern Ry. Co.*, 62 *Ga. App.* 316 (3) (7 S. E. 2d 793). The jury in passing on the question might well reach the conclusion that children are commonly carried in the fashion the petition alleged the plaintiff was being borne by his father when he came in contact with the fan. The jury could logically conclude that reasonably prudent persons when entering the bakery were apt to raise their hands above their heads so as to be struck by the revolving blades of the fan. Hands are often raised aloft in gestures of salutation or in other usual gestures.

If injury to others should have been anticipated, it was not necessary that the exact event resulting in the plaintiff's injury be foreseeable. *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d 698).

The defendants insist that the plaintiff's father, in carrying the child in the fashion described in the petition and failing to observe the fan, was guilty of negligence that constituted the para-

mount cause of the plaintiff's injury and served to insulate the defendants from liability. The plaintiff being of the tender age of nine months no question as to his want of care is involved. *City Ice Delivery Co.* v. *Turley,* 44 *Ga. App.* 32 (160 S. E. 517); *Christian* v. *Smith,* 78 *Ga. App.* 603, 606 (51 S. E. 2d 857). Nor is the negligence of his father imputable to him. Code § 105-205; *Atlanta, Birmingham & Coast R. Co.* v. *Loftin,* 67 *Ga. App.* 601 (21 S. E. 2d 290); *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, supra. The contention of the defendants is, however, predicated on the assumption that the father's conduct was the sole proximate cause of the plaintiff's injuries. The question is disposed of by our conclusion stated in the preceding division of this opinion that it would be a question of fact for the jury as to whether the fan was so situated that one entering the bakery might in the exercise of ordinary care have failed to discern its existence, and that it was likewise a question for the jury to decide whether it might be reasonably anticipated that an ordinarily prudent person might carry the child in the fashion described in the petition. The position of the fan was, according to the averments of the petition, so concealed that one entering the bakery could not discern its existence in time to avoid coming in contact with it. As was held in the preceding division of this opinion, the description of the fan's placement supported the allegation that an ordinarily prudent person might, before observing its presence, come in contact with it. In *Lane Drug Stores* v. *Brooks,* 70 *Ga. App.* 878, 884 (29 S. E. 2d 716) it is said: "A duty rests upon the occupier of land to exercise ordinary care to keep the premises safe for persons coming thereon by his invitation. Code § 105-401. The invitee, in coming upon the land, may rely upon the discharge of this duty by the person occupying the land and in control of it, and therefore is not necessarily, and as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises. If the defect, though patent, is not of such a nature and character as necessarily to be seen in the exercise of ordinary care by a person coming upon the premises, and who has the right to rely upon the duty of the occupier of the premises to keep the premises safe, as where the defect is such as is here alleged, an invitee

coming upon the premises and using the alcove as a walkway, who, without observing the defect, is tripped by it and injured, is not, as a matter of law guilty of negligence in not observing the defect in the walk. The jury was authorized to find that the occupier of the premises was guilty of negligence in knowingly maintaining the premises in the described condition. *Rogers* v. *Sears, Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64)."

Both defendants contend that the allegations of the petition that the "defendants" installed the fan stated an impossibility. We cannot agree with this contention. We conceive of no reason why it would be impossible or inherently improbable that the defendants by their joint act installed the fan.

A landlord is liable for constructional defects in the premises which he creates, including snares, pitfalls and mantraps. *Cook* v. *Southern Ry. Co.*, 53 *Ga. App.* 723 (187 S. E. 274); *Cobb* v. *First National Bank of Atlanta*, 58 *Ga. App.* 160 (2), supra.

The defendant, Scarboro Enterprises, Inc., insists that no cause was alleged as to it because nothing it did was shown to have been the proximate cause of the plaintiff's injuries. It insists that the petition discloses that the fan, idle as it was when installed, was quite harmless; that its operation alone entailed the danger to those who might come in contact with it. The use of the fan in the precise manner employed by the defendant, Anderson, must have been contemplated by both defendants when it was installed, for indeed, it could hardly have been effective operated in a different way. *Anderson-McGriff Co.* v. *Meisel*, 85 *Ga. App.* 58, 67 (68 S. E. 2d 377); *Milton Bradley Co.* v. *Cooper*, 79 *Ga. App.* 302, 307 (53 S. E. 2d 761, 11 A. L. R. 2d 1019). So, according to the averments of the petition, one of the defendants was, under the principles discussed and authorities referred to, as much responsible for the plaintiff's injuries as was the other, such injuries having been proximately caused by their joint negligence.

We are of the opinion that the petition alleged facts which if proved would entitle the plaintiff to recover of both defendants, and disclosed no defense to his suit, which set forth a cause of action and was not subject to general demurrer.

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, and Nichols. JJ., concur.*