37875.   HENDERSON, Next Friend *v.* BAIRD *et al.*

DECIDED NOVEMBER 5, 1959.

*E. B. Cartledge, Jr., John W. Denney,* for plaintiff in error.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs, Alan F. Rothschild,* contra.

QUILLIAN, Judge. ■ The status of the plaintiff, according to the allegation of the petition was that of a licensee on the defendants' premises. "The duty generally owed a licensee by the owner or proprietor of premises is not to wilfully and wantonly injure him (*Cobb* v. *First National Bank of Atlanta,* 58 *Ga. App.* 160 (2), 198 S. E. 111), which includes the obligation not to lay for him or permit to exist pitfalls or mantraps in which it may be reasonably anticipated he will become ensnared (*Bohn* v. *Beasley,* 51 *Ga. App.* 341, 180 S. E. 656), that is concealed perils to which it may be reasonably anticipated he may become a victim. *Rollestone* v. *Cassirer & Co.,* 3 *Ga. App.* 161 (2) (59 S. E. 442); *Leach* v. *Inman,* 63 *Ga. App.* 790 (5) (12 S. E. 2d 103); *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490 (118 S. E. 697). And after a proprietor or owner of property becomes aware, or should anticipate the presence of the licensee, the duty rests upon the owner or proprietor to exercise ordinary care to avoid injuring him. *Banks* v. *Watts,* 75 *Ga. App.* 769 (44 S. E. 2d 510); *Georgia Southern & Fla. Ry. Co.* v. *Wilson,* 93 *Ga. App.* 94 (1) (91 S. E. 2d 71)." *Cooper* v. *Anderson,* 96 *Ga. App.* 800, 805, 806 (101 S. E. 2d 770).

"Where the injury for which a recovery is sought is caused by the dangerous statical condition of the premises, the injury to the licensee has to be occasioned by wilful and wanton negligence." *Leach* v. *Inman*, 63 *Ga. App.* 790 (2), supra.

■ This court has held in similar situations, that a proprietor does not breach the duty owed children invitees upon his premises, in leaving gasoline accessible to them. *Sewell* v. *City of Atlanta*, 45 *Ga. App.* 166 (164 S. E. 70) ; *Hornsby* v. *Henry*, 68 *Ga. App.* 171 (22 S. E. 2d 326). The rationale of the holding is that the presence of gasoline on premises, in the absence of an agency capable of igniting the fluid, does not create a dangerous situation.

■ In the instant case, there was no danger of the gasoline exploding until it was touched off by the match procured by the small plaintiff from the defendant father's home. The fault of the father defendant as a factor in the boy obtaining the match was essential and necessary to impute liability to him for the explosion that injured the plaintiff. The petition did not reveal the circumstances in which the infant plaintiff came into possession of the match, or that it was made available to the child through the wrongful act or negligence of either of the defendants, or by a person whose negligence was imputable to them. Thus the reticence of the pleader deprived the court of information essential in deciding whether either of the defendants was in any way connected with or in any sense responsible for the child coming into possession of the match that triggered the explosion. In this behalf the petition merely related that the plaintiff "went into the house of said William L. Baird where he was permitted to get matches."

Under this rule when a pleading is considered on demurrer, if inferences unfavorable to the rights of the party claiming rights may be fairly drawn from the allegations of the petition, this must be done. *Krueger* v. *McDougald*, 148 *Ga.* 429 (96 S. E. 867) ; *Hardin* v. *Baynes*, 198 *Ga.* 683 (32 S. E. 2d 384) ; *Toler* v. *Goodin*, 200 *Ga.* 527 (37 S. E. 2d 609). This rule requires that in such a case pleadings be construed in the light of their omissions as well as their averments. *Toney* v. *Ledford*, 184 *Ga.* 856 (193 S. E. 761) ; *Mackler* v. *Lahman*, 196 *Ga.* 535 (27

S. E. 2d 35); *Toler* v. *Goodin,* supra. Failure to allege the essential facts by allegations that fall short of the essential facts must be construed to mean the absence of such essential facts. *Harrell* v. *Burch,* 195 *Ga.* 96, 98 (23 S. E. 2d 434); *Hulsey* v. *Interstate Life &c. Ins. Co.,* 207 *Ga.* 167 (60 S. E. 2d 353).

"It is true that a petition, when considered on general demurrer, must be construed most strongly against the pleader, and that in applying this rule the petition should be construed in the light of its omissions as well as its averments." *Toler* v. *Goodin,* 200 *Ga.* 527, 534, supra.

■ It is true the petition contained a general allegation. "In said defendants making available to said Andrew D. Henderson, Jr., matches, permitting him to get said matches and then leaving him unattended, after having invited him to come upon the premises of said William L. Baird, after having created and instilled in his mind the idea of burning a frog with matches and gasoline, after having provided him with a frog to burn, after having placed intentionally or through neglect a five-gallon can with a gallon and half of gasoline therein in the area provided for him to play, all of which said defendants knew, or should have known, created an unsafe and dangerous place and situation for said Andrew D. Henderson, Jr."

A general allegation of negligence is sufficient against a general demurrer. "In the absence of allegations that make it affirmatively appear that the plaintiffs' losses were caused by their own negligence, simple allegations of negligence are sufficient as against general demurrer (see *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (1), 50 S. E. 974; and *Whitsett* v. *Hester Bowman Enterprises,* 94 *Ga. App.* 78, 83, 93 S. E. 2d 788)." *Southern Roadbuilders* v. *Associated Petroleum Carriers,* 95 *Ga. App.* 263, 265 (97 S. E. 2d 629).

"Where a petition states the facts upon which the claim of negligence is based, a general allegation in the petition, following a statement of facts relied upon to show negligence, will be construed to have reference to the particular facts pleaded; and, so construed, it is not subject to special demurrer." *Fuller* v. *Inman,* 10 *Ga. App.* 680 (4) (74 S. E. 287).

"It is the general rule that the allegations. of a petition, when

attacked by appropriate demurrer, be construed most strongly against the pleader. So, where general allegations setting up negligence are followed or preceded by specific detailed averments, the general ordinarily must yield to the specific averments. *Baggett* v. *Edwards*, 126 *Ga.* 463 (55 S. E. 250); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837, 844 (47 S. E. 329); *McClure Ten Cent Co.* v. *Humphries*, 29 *Ga. App.* 524 (1) (116 S. E. 54); *Doyal* v. *Russell*, 183 *Ga.* 518 (189 S. E. 32); *Green* v. *Perryman*, 186 *Ga.* 239 (197 S. E. 880); *Wood* v. *Pynetree Paper Co.*, 29 *Ga. App.* 81 (114 S. E. 83)." *Carter* v. *Callaway*, 87 *Ga. App.* 754, 761 (75 S. E. 2d 187).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*