38236.   GEORGE, by Next Friend *v*. CONTINENTAL WRECKING CORPORATION.

DECIDED APRIL 18, 1960.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

NICHOLS, Judge. The petition alleged that the defendant was engaged in tearing down certain houses in connection with the clearing of a right-of-way for the State Highway Department, "That prior to and on January 22, 1959, said defendant was engaged in the wrecking, tearing down and destruction of houses and other buildings at Park Avenue, S. E., Atlanta, Georgia, and in the vicinity of the n. w. corner where the said Park Avenue, S. E., intersects Glenwood Avenue, S. E., in said city. That said defendant had torn down a house fronting on the said Park Avenue, S. E., which was approximately the third house from the intersection with the said Glenwood Avenue, S. E. That the front porch of said house remained standing, and was in clear view of the public streets aforesaid. That said front porch consisted of a surface of tile, or similar substance, set in concrete approximately 6 to 8 inches thick, under which was approximately 6 feet of a porous, cinder-like substance. That where the house was torn away from said porch, it left the surface of said porch extending out in several places over the base of said porch, to wit, the said porous, cinder-like substance, said extension of said surface being from 1 to 3 feet away from said cinder-like base; and the surface of said porch, on what was the back side thereof, was approximately 6 feet above the ground where the main porch of said house had stood. That said tile-and-concrete surface was extremely heavy, and had numerous large cracks and chips therein. That said porous, cinder-like base thereunder crumbled easily and under only slight weight or pressure thereon. That said condition of said porch was dangerous, hazardous, and unsafe, and that such condition was known to the defendant, or in the exercise of ordinary care should have been known to said defendant. . . That children were accustomed to playing in, on and around said premises on January 22, 1959, and had been so accustomed to playing there for a period of three or four weeks prior thereto, which fact was well known to defendant, or, in the exercise of ordinary care, should have been discovered by said defendant. That on January 22, 1959, petitioner herein, an infant age ten years old, was playing in, around and below the surface level of the front porch heretofore described. That on said date of January 22, 1959, a piece of the

surface of said front porch, being approximately one yard square, and weighing several hundred pounds, broke loose from the rest of said porch and fell down onto petitioner and severely injured him as hereinafter described. Said piece of said porch fell against petitioner's head and face and severely abraised and lacerated the same, and buried petitioner underneath its weight, causing numerous contusions, abrasions, bruises and cuts over petitioner's entire body. . . Defendant was negligent in causing a dangerous situation to exist in the nature of a mantrap where children were permitted to play with defendant's knowledge. The proximate cause of petitioner's injuries and damages hereinbefore described was the negligence of the defendant, which said acts of negligence are specified as follows: 1. The defendant did not use ordinary care and diligence and negligence was willful and wanton in the sense that petitioner, an infant licensee, was exposed to a concealed danger, created and maintained by defendant on the said premises where and at a time when the presence of said petitioner should reasonably have been anticipated, of which hidden peril defendant was entirely cognizant and of which hidden peril and mantrap petitioner was unaware. 2. In allowing the premises where petitioner was injured to be in such a state or condition as to allure and attract children to play in, on or around the same. 3. In failing to erect barriers around said premises in order to prevent children from playing in, on and around the same. 4. In failing to give any warning of the dangerous condition of said premises. That the aforesaid acts of negligence constituted a failure to exercise ordinary care on the part of said defendant and was therefore willful and wanton for the reason that said defendant knew of the presence of said plaintiff on said premises or should have reasonably anticipated the presence of plaintiff thereon." The petition also alleged the extent of the plaintiff's injuries and other matter not necessary for a determination of the questions presented for decision.

The trial court in its judgment sustaining the general demurrers of the defendant cited, we think correctly, the cases of *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153 (178 S. E. 451), and *Brown* v. *Bone*, 85 *Ga. App.* 22 (68 S. E. 2d 190).

The plaintiff relies on *Clinton* v. *Gunn-Willis Lumber Co.*, 77

*Ga. App.* 643 (49 S. E. 2d 143), where the licensee was killed by coming in contact with a *live* electric wire, an *active* condition as opposed to a statical condition, and also *Bohn* v. *Beasley,* 51 *Ga. App.* 341 (180 S. E. 656), which involved a wilful and wanton disregard of the licensee by exposing her to a dangerous and deceptive situation amounting to a hidden peril when her presence should have been anticipated. In that case the plaintiff had visited the defendant's tenant and was injured because of the unusual construction of the building.

Construing the allegations of the petition in the present case most strongly against the pleader, as must be done on general demurrer, and construing them in the light of the omissions as well as the averments (see *Henderson* v. *Baird,* 100 *Ga. App.* 627, 112 S. E. 2d 221), the petition alleges that the "porous, cinder-like base [under the tile and concrete surface] crumbled easily and under only slight weight or pressure thereon." It was not alleged that the concrete and tile surface fell as a result of the "cinder-like" base having given way under the weight of the "tile-and-concrete" surface, and in view of the allegation that it would crumble under only "slight weight or pressure" it must be assumed that added weight or pressure of some description was placed thereon. Was it placed there by the defendant? If so it is not alleged, and it must be assumed on demurrer that it was not, for if it had, it would have been so alleged by the plaintiff. Was it placed there by the plaintiff or possibly by one of his playmates? If not, it is not so alleged, and under the decision of this court in *Henderson* v. *Baird,* 100 *Ga. App.* 627, supra, it must be assumed that the weight or pressure was applied by some person for whose actions the defendant corporation was not responsible. Accordingly, the petition sets forth a situation wherein no injury could occur unless added weight or pressure was placed on the "concrete-and-tile" surface of the porch and in order for the defendant corporation to be liable for the plaintiff's injuries, it is necessary that it be shown that such corporation was responsible for such added weight or pressure being placed thereon. No such allegations appear in the petition and such absence of allegations must be construed to mean that such fact did not occur. "Failure to allege the essential facts by al-

legations that fall short of the essential facts must be construed to mean the absence of such essential facts. *Harrell* v. *Burch,* 195 *Ga.* 96, 98 (23 S. E. 2d 434) ; *Hulsey* v. *Interstate Life &c. Ins. Co.,* 207 *Ga.* 167 (60 S. E. 2d 353)." *Henderson* v. *Baird,* 100 *Ga. App.* 627, 633, supra.

Accordingly, the judgment of the trial court sustaining the defendant's general demurrers to the plaintiff's petition must be affirmed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*