38654.   ESTES v. STATE HIGHWAY DEPARTMENT.

Decided March 7, 1961—Rehearing denied March 23, 1961.

*William B. Jones,* for plaintiff in error.

*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General,* contra.

NICHOLS, Judge. The plaintiff's petition is silent as to whether the road being constructed by, or at the direction of, the State Highway Department was a "state-aid" road. If the road was a "state-aid" road, since the plaintiff's alleged damages arose out of the construction of said road, the petition was fatally defective under the decisions of the Supreme Court in the cases of *State Highway Dept. v. McClain,* 216 Ga. 1 (114 S. E. 2d 125) ; and *Dougherty County v. Edge,* 216 Ga. 100 (114 S. E. 2d 862), and cases cited, because the action must be brought against the county after the road is opened for traffic. See also *Code Ann.* § 95-1712.

The plaintiff contends that in the absence of an allegation that the road being constructed was a "state-aid" road proper construction of his petition requires a holding that such road was not a "state-aid" road and that the action will therefore lie against the State Highway Department for the taking or damaging of private property without first paying just and adequate compensation. See *State Highway Board v. Hall,* 193 Ga. 717 (20 S. E. 2d 21), where it was held: "Where the State Highway Board takes rock from land not on a highway, and uses it in the construction of a road, the owner's cause of action does not originate on a highway under the *Code,* § 95-1710, and

his remedy is an action against the board in the county of the residence of a member at the time the suit is brought." In the case of *Henderson v. Baird,* 100 Ga. App. 627, 632 (112 S. E. 2d 221), it was said, "When a pleading is considered on demurrer, if inferences unfavorable to the rights of the party claiming rights may be fairly drawn from the allegations of the petition, this must be done. *Krueger v. McDougald,* 148 Ga. 429 (96 S. E. 867); *Hardin v. Baynes,* 198 Ga. 683 (32 S. E. 2d 384); *Toler v. Goodin,* 200 Ga. 527 (37 S.E. 2d 609). This rule requires that in such a case pleadings be construed in the light of their omissions as well as their averments. *Toney v. Ledford,* 184 Ga. 856 (193 S. E. 761); *Mackler v. Lahman,* 196 Ga. 535 (27 S. E. 2d 35); *Toler v. Goodin,* supra. Failure to allege the essential facts by allegations that fall short of the essential facts must be construed to mean the absence of such essential facts. *Harrell v. Burch,* 195 Ga. 96, 98 (23 S. E. 2d 434); *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167 (60 S. E. 2d 353). 'It is true that a petition, when considered on general demurrer, must be construed most strongly against the pleader, and that in applying this rule the petition should be construed in the light of its omissions as well as its averments.' *Toler N. Goodin,* 200 Ga. 527, 534, supra."

Construing the allegations of the petition in the present case under the above quoted law the contention of the plaintiff that the failure to allege whether the road was a "state-aid" road or not should be held to be tantamount to an allegation that it was not a "state-aid" road must fail, and this is true regardless of whether this court could take judicial cognizance that all roads built by or under the direction of the State Highway Department are "state-aid" roads. If the road being built was a part of some program other than the "state-aid" system of roads this could have been easily alleged and in the absence of such allegations it must be presumed, when construing the petition as against a general demurrer, that the road was to become a part of the "state-aid" system of roads. The judgment of the trial court sustaining the general demurrer must be affirmed, and any alleged error as to the time when such demurrer was sustained, if error, was not harmful.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*