42018.  SHOCKLEY v. HENSLEE et al.

PANNELL, Judge.  1.  The petition, as against H. C. Price & Company, merely alleges that it supplied the co-defendant Henslee with metal drums containing an inflammable or explosive substance (of which Henslee had knowledge) with knowledge on the part of H. C. Price & Company that the drums would be placed in the yard of the co-defendant in a place where children frequently played.  The explosion, which caused the death of plaintiff's son of 11 years, is alleged to have occurred as the result of a fire set by the co-defendant in burning trash in another drum close by and negligently leaving the fire unguarded which in turn resulted in the fire traveling by burning grass to one of the drums containing the explosive substance.  So far as the petition discloses, H. C. Price & Company had no knowledge that a fire would be set by the co-defendant, or that one had been set, and therefore had no reason to anticipate the alleged negligence of the co-defendant in starting a fire and leaving it unattended.  All that the petition charges against H. C. Price & Company is that it negligently caused the presence of some explosive substance in a drum on the premises, which, in the absence of knowledge of an agency capable of igniting an explosion does not create a dangerous situation.  See in this connection *Henderson v. Baird,* 100 Ga. App. 627 (2, 3) (112 SE2d 221); *Sewell v. City of Atlanta,* 45 Ga. App. 166 (164 SE 70); *Hornsby v. Henry,* 68 Ga. App. 171 (22 SE2d 326).  The petition seeking damages for the death of the son, therefore, set forth no cause of action against H. C. Price & Company.  The trial court did not err in so ruling.

2.  The trial judge did not err in dismissing the case as to the co-defendant Henslee, who was not a resident of Fulton County in which the suit was brought, when the petition set forth no cause of action against the resident defendant (*Citizens Bank of Hapeville v. Thompson,* 99 Ga. App. 466 (108 SE2d 750); *Young v. Koger,* 94 Ga. App. 524, 528 (95 SE2d

385))), and basing such dismissal solely on the grounds of lack of jurisdiction.

3. During the term at which a judgment or ruling is made, the judge, in the exercise of his own discretion to correct errors and to promote justice, has plenary power to amend, modify, revise, supplement, or even supersede, revoke, or vacate such previous judgment or ruling. *Code* § 24-104 (6); *Bank of Tupelo v. Collier*, 192 Ga. 409, 411 (15 SE2d 499); *Drain Tile Machine, Inc. v. McCannon*, 80 Ga. App. 373 (1) (56 SE2d 165). The trial court therefore did not err in revoking its previous orders overruling the general demurrer of the defendant Henslee and its order denying his motion for summary judgment, and then entering an order sustaining his general demurrer to the petition.

4. In view of our affirmance of the trial judge in the sustaining of the general demurrers to the petition, any further proceedings in the case are nugatory. It therefore becomes unnecessary to pass upon the enumeration of error complaining of the sustaining of H. C. Price & Company's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED MAY 2, 1966—DECIDED SEPTEMBER 6, 1966.

*Llop & Long, William R. Parker*, for appellant.

*Lokey & Bowden, Hamilton Lokey, Henry A. Stewart, Sr., J. Corbett Peek*, for appellees.