42536.   CENTRAL OF GEORGIA RAILWAY COMPANY
v. HURST.

ARGUED JANUARY 4, 1967—DECIDED FEBRUARY 20, 1967.

*Milton A. Carlton,* for appellant.

*George W. Fryhofer, Thomas M. Odom, O. Frank Brant,* for appellee.

FELTON, Chief Judge. A petition, when considered on general demurrer, must be construed most strongly against the pleader and in the light of its omissions as well as its averments. *Henderson v. Baird,* 100 Ga. App. 627, 632 (3) (112 SE2d 221), and cit.

The appellee's primary basis for recovery rests on the ground that her decedent's view of the admitted warning signs was blocked by the preceding vehicle he was passing. The allegations to the effect that it would have been impossible for the decedent to see the signal light facing him *if it was operating,* in the absence of a positive allegation that it was *not* operating, must be construed to mean that it *was* operating. In the absence of any allegation of a hill, the terrain involved must be presumed to be level. In the absence of any allegation that the preceding vehicle was one of extraordinary width or height, such as a truck, it must be presumed to have been an ordinary standard passenger automobile or smaller. Since it is alleged that the roadway is straight for approximately 200 feet approaching the tracks and that the decedent driver did not commence passing the preceding vehicle until he reached the end of the double yellow centerline of the roadway, 152 feet from the tracks, it affirmatively appears that he drove a distance of approximately 50 feet in the right-hand lane along a level, straight roadway, alongside of which, and 8 feet from the roadway, was the 7 feet 10 inches high electric light signal (which was operating), preceded by various other sign or signs, which were alluded to but not described. There appears no reason why the plaintiff's decedent, in the exercise of due care, or even with his headlights off, could not have observed at least the electric light signal under these circumstances, unless he was following the preceding vehicle too closely to have seen it. Even if we do not take judicial notice of the fact that a light of this type is usually placed at approximately the alleged

height, in the absence of any allegation that the height or location is other than the accepted standard used, it must be assumed to be a standard installation.

Even beyond this, however, the petition shows such negligence as would subject it to the general demurrer. It is alleged that the decedent dimmed his lights as he approached the preceding vehicle from the rear, as is required by *Code Ann.* § 68-1714(c) (Ga. L. 1953, Nov. Sess., pp. 556, 610; Ga. L. 1955, Ex. Sess. pp. 25, 26), but it is not alleged that he used his high beam lights "when engaged in the act of overtaking and passing," as the above Code section also requires. It thus appears that he drove the distance of at least 152 feet with his low beam lights on while passing, which was negligence per se. Although it is alleged that the defendant was negligent in not having a black and white striped movable gate in the left lane, it is not alleged that the decedent could have seen such a warning in time to have stopped. Indeed, it could almost be said as a matter of law that he could *not* have stopped, with the limited vision afforded by his dimmed headlights, plus the fact that it is alleged that he could not stop even within 100 feet of the train when he finally saw it. *Code Ann.* § 68-1637(b, 2) (Ga. L. 1953, Nov. Sess., pp. 556, 583) prohibits the driving of any vehicle to the left side of the roadway when approaching within 100 feet of any railroad grade crossing. Although it is alleged that the decedent was not aware of the crossing, he was chargeable with this knowledge by his negligence in failing to observe the signal light, as has been noted. Additionally, it is alleged that decedent had traveled this road "infrequently," which must be construed as at least more than once. While this would not charge him with knowledge of the *exact location* of the crossing, it would at least show that he knew of the existence of a crossing, making his failure to observe the sign(s) and/or the signal light and his passing with low beam headlights even greater negligence.

The allegations of the petition show, as a matter of law, that the plaintiff's decedent was guilty of such negligence as to bar the plaintiff's recovery; therefore, the court erred in its judgment overruling the defendant's general demurrer to the petition.

*Judgment reversed. Eberhardt, J., concurs. Hall, J., concurs in the judgment.*

EBERHARDT, Judge, concurring. I agree with Judge Felton, and in addition suggest that for other reasons also the petition does not set out a cause of action. The charge that the railroad was negligent in "maintaining a dangerous, defective, hazardous and unsafe railroad crossing," is a general allegation which must yield to the specific allegations. *Palmer Brick Co. v. Chenall,* 119 Ga. 837 (6) (47 SE 329). The charge that the railroad was negligent "in maintaining its electric signal lights so close to the ground as not to be visible by a vehicle having another vehicle preceding it," must yield to the averment that "said light is located at a point 7 feet 10 inches above ground level," which, as Judge Felton points out, is of sufficient height that the driver of a vehicle could and should have observed it, unless he was following too closely behind another.[1] (It is to be noted that this light is at a greater distance from the ground than is required by *Code* § 94-509 requiring signs for the benefit of persons operating locomotives.) No statute requires that the railroad "maintain a black and white striped gate which would come down across said highway," there is no common law duty that it do so, and that charge must fall. "There being no obligation by law resting on the railroad company to have on the side of the public road adjacent or near the railroad tracks any warning sign or metal substance which would reflect the lights of an approaching automobile and warn the driver of the danger of the presence of the railroad crossing, it is not negligence on the part of the

---

[1]This may be taking judicial notice, which should be used sparingly for striking down pleadings (*Rives v. Atlanta Newspapers, Inc.,* 110 Ga. App. 184 (4) (138 SE2d 100), reversed on other grounds in 220 Ga. 485 (139 SE2d 395)), but see and compare *Cooper v. Anderson,* 96 Ga. App. 800, 807 (101 SE2d 770), where notice was taken of the custom of parents to take children with them into stores, bakeries and shops, and *Harvey v. DeWeill,* 102 Ga. App. 394 (116 SE2d 747) where notice was taken that motels usually have entrances opening into courtyards.

railroad company to fail to have erected such sign." *Southern R. Co. v. Riley*, 57 Ga. App. 26, 27 (4) (194 SE 422). Thus the charge of failing to "maintain a flashing electric signal light on the left-hand side of the crossing for eastbound traffic approaching said crossing from the west, which said light would not have been obscured by a preceding vehicle or when passing preceding vehicle," fails to charge negligence on the part of the railroad. Likewise, the charge that the railroad was negligent "in failing to have reflectors on the side of the boxcars which would have reflected back the light and indicated the presence of a moving train," charges no negligence, for there rests no legal obligation on the railroad to do that. "The failure of the railroad company to provide lights on the side of cars of the train as it passes over a crossing is not negligence." *Southern R. Co. v. Riley*, 57 Ga. App. 26, 27 (5), supra.