## 42904. VENABLE et al. v. LANGFORD.

ARGUED JUNE 8, 1967—DECIDED SEPTEMBER 5, 1967.

*Webb, Parker & Ferguson, John Tye Ferguson,* for appellants.
*Ray Gary, Duncan & Gary,* for appellee.

DEEN, Judge. 1. The attractive nuisance or turnable doctrine comprehends only instrumentalities inherently dangerous, as well as attractive to the finder, such as weapons, explosives, turnables, or objects of that type which are not commonplace. The doctrine will not be extended to cases which on their facts do not come fully within this definition. *Southern Bell Tel. &c. Co. v. Brackin,* 215 Ga. 225 (3) (109 SE2d 782); *Starland Dairies, Inc. v. Evans,* 105 Ga. App. 813 (1b) (125 SE2d 682) and cit. Further: "The attractive nuisance doctrine does not apply to ponds or other water hazards." *Fickling v. City Council of Augusta,* 110 Ga. App. 330 (138 SE2d 437). A boat drawn up on the shore of a lake, which is of itself perfectly harmless and in a stable and static condition, does not fall within this category, and the petition sets out no cause of action based on attractive nuisance.

2. Although the petition alleges that plaintiff's decedent was an invitee of the defendants, the facts pleaded show that he entered the premises to accompany a friend whose horse was being boarded there, and he would under these facts be a licensee. *Murray Biscuit Co. v. Hutto,* 115 Ga. App. 870 (156 SE2d

132). "Mere permission to enter the premises creates the relation of licensee; invitation, express or implied, is necessary to create the more responsible relation and the consequent higher duty upon the owner or proprietor." *Mandeville Mills v. Dale*, 2 Ga. App. 607, 611 (58 SE 1060).

3. Assuming without deciding, however, that the petition alleges an implied invitation extended to the plaintiff's son as a member of the general public to come upon the premises in connection with any of the activities carried on there, including swimming, hiring boats and fishing in the lakes, or riding horseback, it is equally obvious that the invitation did not include the area or activity in which he was engaged at the time in question. It is not alleged that the boat which was drawn up on the shore was in any proximity to those rented out for fishing, or that the children had any intention of renting a boat for this or any other purpose. The boat in the static condition in which they found it was not dangerous. It had been removed from the water. It had no connection with the purpose of their visit. While the duty on the part of such an owner is to exercise reasonable care to keep the premises safe for children coming thereon, and "While this duty to exercise ordinary care for the safety of an invitee is greater when the latter is a child of tender years, yet such owner is not an insurer of the safety of the child, and accordingly is not liable for injuries resulting solely from the conduct of the child in misusing otherwise safe premises, which misuse by the child was unknown to the owner." *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752 (92 SE2d 720). The same rationale was followed in *Henderson v. Baird*, 100 Ga. App. 627 (2) (112 SE2d 221) where it was held that an owner breached no duty to a child invitee in leaving gasoline on the premises. There is no allegation of actual knowledge on the part of any of the defendants that the children were on the premises, and certainly none that they had appropriated the beached boat and taken it into the lake, or that any invitation to come on the premises included such activity. In placing the boat in the water and attempting to paddle it across the lake, they were not invitees of the defendants, but licensees or trespassers, and the owners owed no duty, absent any knowledge

that the children were doing so, to prevent them from removing themselves and the boat from a place of safety to one of danger. *George v. Continental Wrecking Corp.,* 101 Ga. App. 538 (114 SE2d 383). "The duty to keep the premises safe for invitees extends to all portions of the premises which it is necessary for the invitee to use in the course of the business for which the invitation was extended, and at which his presence should therefore be anticipated, or to which he is allowed to go." *Coffer v. Bradshaw,* 46 Ga. App. 143 (7) (167 SE 119). And see *Cooper v. Anderson,* 96 Ga. App. 800, 806 (101 SE2d 770), aff. 214 Ga. 164 (104 SE2d 90). This boat was no part of the premises to be used by the children under the invitation extended to them, nor was it in any sense a peril until removed from the place where it was situated and used by the children for purposes of their own. No facts are shown giving rise to any express or implied invitation by the defendants to use the boat; such use was accordingly unauthorized if not illegal, and the facts do not give rise to any obligation on the part of defendants to anticipate or prevent it.

The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*