A92A2196. ROLLINS et al. v. SOUTHERN MORTGAGE COMPANY.

(427 SE2d 581)

BLACKBURN, Judge.

On May 27, 1992, the appellee, Southern Mortgage Company, filed a dispossessory action against the appellants, seeking possession of premises which had been foreclosed upon earlier. The appellants answered the petition on June 8, 1992, at which time the Clerk of the state court informed them that the matter was scheduled for trial on June 17, 1992. In their answer, the appellants asserted that the foreclosure had been stayed under the automatic stay provisions of the United States Bankruptcy Code, and they submitted a copy of their motion to convert a Chapter 13 proceeding to a Chapter 7 proceeding, which had been filed with the United States Bankruptcy Court on

May 4, 1992. Consequently, on June 10, 1992, the state court ordered that the dispossessory action be stayed until further order of the court.

However, on June 17, 1992, the state court tried the case and entered a judgment the following day, ordering issuance of a writ of possession for the appellee. Although we are without benefit of any transcript of the trial, counsel for the appellants was present and participated in the proceeding. It is undisputed that during the proceeding, it was adduced that the Bankruptcy Court had lifted the automatic stay, with regard to the appellee's claim against the appellants, before the appellee had filed the dispossessory action.

1. On appeal, the appellants contend that the trial court erred in trying the case because the court's previous order staying the dispossessory action had never been lifted. However, "[d]uring the term at which a judgment or ruling is made, the judge, in the exercise of his own discretion to correct errors and to promote justice, has plenary power to amend, modify, revise, supplement, or even supersede, revoke, or vacate such previous judgment or ruling." *Shockley v. Henslee*, 114 Ga. App. 227, 228 (150 SE2d 689) (1966); see OCGA § 15-1-3, generally. The fact that the trial judge, who was the same judge who had ordered the stay, proceeded to try the case on June 17, 1992, after being advised that the automatic stay had been lifted by the Bankruptcy Court, was sufficient indication that the stay in the dispossessory proceeding was lifted. The subsequent judgment ordering issuance of a writ of possession should confirm the vacation of the stay. The appellants also have made no showing of harm in having to proceed with the trial as scheduled.

2. The appellants next contend that the trial court erred in lifting the stay of the dispossessory action, on the grounds that although the automatic stay had been lifted in their Chapter 13 proceeding, the conversion to a Chapter 7 proceeding reimposed the automatic stay. The only authority relied upon by the appellants, however, does not support their position. In *In re State Airlines*, 873 F2d 264 (11th Cir. 1989), the court held that conversion of a Chapter 11 proceeding to a Chapter 7 proceeding did not resurrect an automatic stay that had been lifted previously. The appellants provide no persuasive reason why the same result should not obtain with regard to a conversion from Chapter 13 to Chapter 7. In *In re Campos*, 128 B. R. 790 (Bkrtcy. C. D. Cal. 1991), a Bankruptcy Court specifically found that conversion from Chapter 13 to Chapter 7 did not create a new automatic stay. The appellee suggests that the appellants' own authority loses their case for them, and we agree.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993.

*The Williams Firm, Yolanda W. Favors*, for appellants.
*Germano, Kimmey & Cheatwood, J. Steven Cheatwood*, for appellee.